**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest Bobby BIGELOW,
Defendant-Appellant.**

No. 83–5044.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1983.*

March 16, 1984.

---

* The panel finds this case appropriate for submission without oral argument pursuant to  . Ninth Cir.R. 3(a) and Fed.R.App.P. 34(b).

Christine Byrd, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Arthur Mabry, Los Angeles, Cal., for defendant-appellant.

Before TANG, FERGUSON and BOOCHEVER, Circuit Judges.

TANG, Circuit Judge.

Ernest Bobby Bigelow appeals his conviction for illegal sale of government property in violation of 18 U.S.C. § 641. He contends that the evidence was insufficient either to sustain the guilty verdict or the jury's finding that the property's value exceeded $100, the minimum amount necessary for a felony conviction. Bigelow was sentenced to five years imprisonment.

After learning that the appellant possessed the stolen credential of an Internal Revenue Service agent, IRS Internal Security dispatched undercover agent Douglas Creer to attempt a purchase of the stolen credential from the appellant. An informant arranged a meeting between Agent Creer and the appellant at a Denny's restaurant. There, Creer offered appellant $200 for the credential which appellant refused. Creer then offered $250 which the appellant took and placed in his pocket as Creer picked up the credential and placed it in his jacket pocket.

Appellant first contends that the evidence was insufficient to support the jury's finding that he sold government property. A conviction will not be reversed if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

A conviction for illegal sale of government property requires a jury to find that the defendant, knowingly and without authority, sold, conveyed, or disposed of government property. 18 U.S.C. § 641. Appellant claims that no sale occurred because he believed he was transferring the credential as part of a temporary operation or scam through which he would receive part of any derived proceeds. While he acknowledges receipt of $250 from the agent, appellant argues that the money was a loan instead of payment in exchange for the credential. The government, however, presented sufficient evidence to prove that a sale occurred. The government's informant testified that Bigelow told him that he wanted to sell the credential. Agent Creer also testified that he had informed Bigelow that he wanted to buy the credential, and that Bigelow had indicated his desire to profit from the proposed transaction. The jury weighed the credibility of the testimony presented and concluded that a sale of the stolen credential had taken place. We conclude there was sufficient evidence to persuade a rational trier of fact that the elements of the crime were proven beyond a reasonable doubt.

Appellant further contends, however, that even if there is sufficient evidence to sustain his conviction for the underlying substantive offense, the evidence was insufficient to support a finding of the value of the credential in excess of $100. Bigelow argues that his acceptance of $250 from Agent Creer does not establish that value. Under 18 U.S.C. § 641, if the value of the government property sold was $100 or below, the crime is classified as a misdemeanor carrying a maximum penalty of $1000 and one year imprisonment. The statute defines value as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater." 18 U.S.C. § 641.

In the absence of face or par value, property value is determined by market forces which establish the price at which a

**414**

buyer is willing to offer the property to a willing seller. *United States v. DiGilio,* 538 F.2d 972, 979 (3d Cir.1976). As there is no commercial market for the sale of IRS credentials, however, comparisons with similar transactions in a conventional market do not exist to assess the value of this particular sale. In such cases, the property's value in an illegal market may be considered. *United States v. Devall,* 462 F.2d 137, 143 n. 16 (5th Cir.1972); *Churder v. United States,* 387 F.2d 825, 833 (8th Cir.1967): *United States v. Ciongoli,* 358 F.2d 439 (3d Cir. 1966). This gives § 641 "its obvious, and certainly its practical, meaning, namely, the amount the goods may bring to the thief." *Churder, supra,* 387 F.2d at 833.

Here, the appellant rejected the agent's $200 offer and accepted $250, an amount well in excess of the $100 felony threshold. These negotiations over the price were sufficient to set the price at $250 in the criminal marketplace. Under these circumstances, the jury could rationally conclude that the value of the credential exceeded $100.

AFFIRMED.