**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Svend Edvard PETERSEN, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Dean DICKISON, Defendant-Appellant.**

Nos. 84–1327, 84–1331.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 19, 1985.

Decided Oct. 25, 1985.

Donald Ayer, U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Larry A. Morse, San Francisco, Cal., Dale S. Wilson, Sacramento, Cal., for defendant-appellant.

Before DUNIWAY, CHOY and FARRIS, Circuit Judges.

PER CURIAM:

Appellants Svend Edvard Petersen and Richard Dean Dickison were convicted of converting government property, 18 U.S.C. §§ 2, 641. They had received a government contract to cut and purchase certain dead, diseased, or damaged trees in a United States forest at a fixed rate. In addition to removing trees marked for removal by the Forest Service, Petersen and Dickison secretly marked and removed healthy trees, which they sold to lumber yards for a large profit.

Petersen and Dickison contend that the reasonable construction of a liquidated damage provision gave them an option to cut additional trees at will, and that they could not be charged with stealing because another provision gave them title to the timber. They also contend that there was insufficient evidence to convict them and that they received ineffective assistance of counsel. Their contentions are meritless. We AFFIRM.

### I. The Contract

#### A. The Liquidated Damage Clause

The contract provided that Petersen would clear the forest of designated timber, marked with yellow Forest Service tracer paint, and that Petersen would pay a fixed price for the timber. It also provided that if Petersen should negligently or willfully damage or cut additional timber, the government could order Petersen to pay for the additional timber.

Petersen's and Dickison's contention that the contract gave purchasers a carte blanche to cut all the trees in a national forest that they wished to is incredible. The contract provided the government with a convenient means to assure that contractors paid for all the timber that they took. Moreover, the timber in Petersen's and Dickison's possession were not "included" or designated by the Forest Service. As such, the provisions in the contract did not apply to that timber.

#### B. Title

The contract provided that the purchaser would receive title to "included timber" when he cut, scaled, removed, and paid for the timber. Petersen and Dickison contend that they acquired title to the timber once it was scaled (measured) and paid for at the rate specified in the contract. As dis-

cussed above, the timber here was not "included"; thus, title did not pass to Petersen and Dickison. *Accord United States v. Leavitt,* 599 F.2d 355, 359–61 (10th Cir.) (under an identical provision, title to timber did not pass where the purchaser fraudulently removed the timber without paying for it), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 43 (1979).

## II. Sufficiency of the Evidence

■ Petersen and Dickison challenge the sufficiency of the evidence against them. Petersen contends that the jury must have had a reasonable doubt that the alleged conduct could constitute a crime as a matter of law. The district judge instructed the jury that they could find that Petersen and Dickison were guilty of the offenses charged if Petersen and Dickison acted "with knowledge that they had no lawful right to do so." This instruction eliminated whatever reasonable doubt a juror may have had.

Petersen also contends that there was no evidence that he and Dickison intended to misappropriate the government's rights since they paid the contractual price for the trees. The trees were healthy and could have commanded a higher price under a contract for healthy trees. Moreover, there is no indication that the Forest Service would have sold those trees at any price. The jury could have inferred that Petersen and Dickison intended to obtain the trees fraudulently. *See United States v. Bigelow,* 728 F.2d 412, 413 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 212, 83 L.Ed.2d 143 (1984).

Dickison contends that there was insufficient evidence to show that he willfully associated himself with the criminal venture. The evidence showed that Dickison worked with Petersen to mark and cut trees, and that a container of yellow Forest Service tracer paint was found under the driver's seat in Dickison's truck. The jury could have found that Dickison was willingly aiding and abetting Petersen. *See* 18 U.S.C. § 2(a).

Dickison also contends that the jury did not establish which trees were misappropriated. Dickison did not object to any failure of the court to specially instruct the jury and is barred from complaining now. Fed. R.Crim.Proc. 30.

## III. Assistance of Counsel

Petersen and Dickison contend that they were denied effective assistance of counsel for numerous reasons. The only allegation that is not meritless on its face is that Petersen's counsel fell asleep during trial.

■ Petersen and Dickison must show that the attorney's conduct was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment and that the deficient performance prejudiced them such that there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, ——, ——, 104 S.Ct. 2052, 2064, 2068 (1984).

■ Petersen's attorney testified that he doubted that he had fallen asleep at all. The judge found that the attorney had not slept during a substantial portion of the trial and also doubted that he had slept at all. The judge stated that he sat twenty feet from the attorney, and that he did not notice him sleeping or snoring.

In *Javor v. United States,* 724 F.2d 831, 833 (9th Cir.1984), we held that a criminal defendant per se receives ineffective assistance of counsel if his attorney sleeps through a substantial portion of the trial, and that the defendant need not show how he was prejudiced. Here, the attorney had not been sleeping or dozing during a substantial portion, and may not have been sleeping at all. Thus, *Javor* is inapposite and Petersen and Dickison have the burden of showing prejudice, which they have failed to do.

## IV. Conclusion

The district court's decision is AFFIRMED.