988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Joseph POWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Harrison OVIATT, Defendant-Appellant.
 Nos. 92-30216, 92-30217.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided March 10, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-60170-02-MR; James A. Redden, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Danny Joseph Powell and James Harrison Oviatt were each convicted by jury of conspiracy to take property of the United States having value in excess of $100, in violation of 18 U.S.C. §§ 371, 641 ("Count I"); taking property of the United States having value in excess of $100, in violation of 18 U.S.C. § 641 ("Count II"); and cutting, injuring, or destroying trees on United States land, in violation of 18 U.S.C. § 1853 ("Count III"). They appeal their convictions on Counts I and II.
 
 
 3
 Powell and Oviatt contend error in denying the motion for acquittal in that there was not sufficient evidence that the value of the property taken exceeded $100. They also contend that the district court improperly instructed the jury on the definition of value and erroneously overruled an objection to the prosecutor's closing argument. We affirm.
 
 I.
 
 4
 In reviewing a claim of insufficient evidence, we view the record in the light most favorable to the government and determine whether any rational trier of fact could have found the contested element beyond a reasonable doubt. E.g., United States v. Hadley, 918 F.2d 848, 853 (9th Cir.1990), cert. dismissed, 113 S.Ct. 486 (1992).
 
 
 5
 Section 641, 18 U.S.C., provides that " 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater." In the absence of face or par value, property value is determined with reference to a market and to the price at which the minds of a willing seller and a willing buyer would meet. United States v. Bigelow, 728 F.2d 412, 413-14 (9th Cir.) (citing United States v. DiGilio, 538 F.2d 972, 979 (3d Cir.1976), cert. denied, 429 U.S. 1038 (1977)), cert. denied, 469 U.S. 868 (1984). "[W]hen the offense charged is the theft of property of a certain value, evidence must show the value of the property at the time of theft." United States v. Luckey, 655 F.2d 203, 205 (9th Cir.1981) (involving prosecution under 18 U.S.C. § 2113(b)).[1]
 
 
 6
 The government presented evidence of a contemporaneous market in which yew bark sold for $2.25/lb. (dry weight) and $1.25/lb. (wet weight). Based on this evidence, the value of the yew bark taken by defendants was given as $322.40. We find this evidence sufficient to establish that defendants took property exceeding $100 in value. See also Sachs v. United States, 281 F.2d 189, 191 (9th Cir.) (evidence of a phonograph record's "list suggested price" and "dealer's customary price" established value of 180 records to be in excess of $100), cert. denied, 364 U.S. 909 (1960).
 
 
 7
 Defendants argue that this evidence fails to establish a loss to the government exceeding $100, in view of the fact that the government at times either sold yew bark for 5cents/lb. or gave it away. Section 641, however, does not define value in terms of loss to the government. See also Fulks v. United States, 283 F.2d 259, 261 (9th Cir.1960) (evidence of value in excess of $100 not nullified by fact that government sold at a discount items comparable to those stolen), cert. denied, 365 U.S. 812 (1961).
 
 
 8
 Powell and Oviatt contend further that the government's evidence of value pertained to a market for goods substantially different than those taken by defendants. Specifically, defendants argue that the market prices to which government witnesses testified reflect not only the value of the yew bark itself, but also the value of such post-theft factors as the cost of removing the bark from the tree and transporting it to market. According to Powell and Oviatt, the government has failed to provide sufficient evidence of value of the bark at the time it was taken. This argument fails.
 
 
 9
 The additional value imparted to the bark in removing it from the tree is not a post-theft factor. This labor is inherent in committing the crime. Defendants' argument that their crimes were complete before the bark had been removed from the trees is specious.
 
 
 10
 So far as transportation costs are concerned, the value evidence pertained to a regional yew bark market. Furthermore, there is no evidence of substantial transportation costs. Thus, the value of the bark taken by Powell and Oviatt was not so different from the value of the bark for which the government offered evidence. The government's evidence of value was not insufficient.
 
 II.
 
 11
 Powell and Oviatt challenge the court's instruction to the jury defining "value." Specifically, they contend that there was no basis in law for the instruction's reference to "a reasonable and willing seller and buyer in the market place." We disagree. This instruction fairly paraphrases the language appearing in Bigelow, 728 F.2d at 413-14, and in DiGilio, 538 F.2d at 979, the case on which Bigelow relies. The instruction also accords with the definition of "value" in 18 U.S.C. § 641 and thus we find no error.
 
 
 12
 Defendants also argue that the instruction "improperly implied to the jury [that] they could utilize the value paid by Hauser to the peelers or collectors." However, because the jury could properly rely on this evidence, the instruction was not misleading.
 
 III.
 
 13
 Finally, the defendants contend that the district court erred in overruling an objection to the government's closing argument, and that the argument resulted in a mistrial. We review only for an abuse of discretion the trial court's decision permitting allegedly improper remarks during argument. United States v. Makhlouta, 790 F.2d 1400, 1403 (9th Cir.1986). Because attorneys are allowed reasonably wide latitude in making their closing arguments, improprieties are not reversible error "unless they are so gross as to probably prejudice the defendant, and the prejudice is not neutralized by the trial judge." United States v. Lester, 749 F.2d 1288, 1301 (9th Cir.1984).
 
 
 14
 It is improper for a prosecutor to argue based on facts not supported by evidence admitted at trial. United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986). Defendants contend that it was improper for the prosecutor to speculate that they intended to sell the bark. However, given evidence of a local market for yew bark and the fact that defendants apparently took little besides yew bark, an inference might properly be drawn that Powell and Oviatt did intend to sell the bark. In any event, even assuming the argument was improper, defendants were not deprived of a fair trial.
 
 IV.
 
 15
 The evidence was sufficient. Reversal is not warranted by the jury instructions or closing argument. There was no abuse of discretion in denying the motions for acquittal and for new trial. The judgments of conviction are
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For purposes of this appeal, we may assume that the sufficiency of value evidence is assessed in the same manner for a charge of conspiring to violate section 641 as for a charge of violating section 641 itself. Although the parties do not distinguish between the two offenses for sufficiency purposes, we note that it is unnecessary to prove commission of the underlying offense against the government to prove a violation of 18 U.S.C. § 371. See, e.g., United States v. Thomas, 887 F.2d 1341, 1345 (9th Cir.1989). Nevertheless, some evidence of value is relevant to the conspiracy charges here because section 371 conditions the degree of punishment on whether the underlying offense against the United States is a misdemeanor or a felony. Here, the underlying offense is section 641. "Under 18 U.S.C. § 641, if the value of the government property sold was $100 or below, the crime is classified as a misdemeanor carrying a maximum penalty of $1000 and one year imprisonment." Bigelow, 728 F.2d at 413