8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy L. JAMES, Defendant-Appellant.
 No. 92-16131.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1993.*
Decided Oct. 12, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roy Lee James, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.
 
 
 4
 In June 1989, a jury found James guilty of one count of conspiracy to distribute Phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and six counts of distribution of PCP, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced James to concurrent 120-month sentences on each count. On direct appeal, we affirmed the convictions and sentence. United States v. James, No. 89-10488, unpublished disposition (9th Cir. Oct. 24, 1990).
 
 
 5
 On June 28, 1991, James filed a section 2255 motion asserting claims that he was denied his right to effective assistance of counsel and deprived of his right to testify on his own behalf. James based his ineffective assistance claim on allegations his trial attorney, James E. Guesman: 1) failed to confer adequately with him before trial; 2) failed to hold plea bargain negotiations with the prosecutor and refused to allow him to plead guilty to some of the charges; 3) refused to allow him to testify on his own behalf at trial; and 4) slept through important portions of the trial.
 
 
 6
 In support of these allegations, James submitted a sworn affidavit detailing Guesman's conduct prior to and during trial. As added support for his allegation that Guesman rendered ineffective assistance by failing either to discuss with him or to pursue plea bargain negotiations, James attached to his affidavit a copy of a letter from Assistant United States Attorney Joseph M. Angelo, Jr. to Guesman outlining a proposed "off-the-record" offer to resolve the case.
 
 
 7
 In its response, filed on July 29, 1991, the government reported it had contacted Guesman and attributed to him statements contradicting James's allegations of ineffective assistance. The government did not provide a sworn affidavit from Guesman.
 
 
 8
 On December 3, 1991, without obtaining a sworn affidavit from Guesman or otherwise supplementing the record, the district court denied James's section 2255 motion. This timely appeal followed.
 
 
 9
 We affirm the district court's rejection of James's claim he was deprived of his right to testify on his own behalf. Because we find the record insufficiently developed, however, we reverse the district court's denial of James's ineffective assistance claim and remand for an evidentiary hearing on that claim.
 
 DISCUSSION
 
 10
 We review de novo the district court's denial of James's section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 I. Ineffective Assistance of Counsel
 
 11
 James contends that the district court erred by denying, without an evidentiary hearing, his claim that he received ineffective assistance of counsel. To demonstrate ineffective assistance, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 In ruling on a section 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing ..., determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255 (1982). Thus, "whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims," the district court must hold a hearing. Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982).
 
 In particular, we have held:
 
 13
 When section 2255 motions are based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations "unless, viewing the petition against the record, its allegations do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal."
 
 
 14
 Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam) (quoting Baumann, 692 F.2d at 571). Because ineffective assistance claims generally are raised in a habeas corpus proceeding to permit "the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted," United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988), a district court should be especially hesitant to deny a section 2255 motion predicated on a particularized ineffective assistance claim without holding an evidentiary hearing or supplementing the record with sworn affidavits.
 
 
 15
 In this case, the government asserted it had contacted James's trial attorney, James E. Guesman, and Guesman had denied the allegations made in James's motion. Although the district court recognized that the statements attributed to Mr. Guesman were hearsay, it denied the motion without obtaining a sworn affidavit or otherwise supplementing the record. We examine whether it was error to do so with regard to each of the four grounds advanced by James in support of his ineffective assistance claim.
 
 A. Attorney's Failure to Meet with James
 
 16
 The district court properly rejected James's claim that Guesman's limited meetings with him before trial constitute ineffective assistance of counsel. It is undisputed that Guesman met with James at least three times before trial. As the district court correctly ruled, the mere fact that Guesman did not meet with James as soon or as often as James would have liked is insufficient to support a claim that Guesman's conduct was objectively unreasonable. The standard of attorney competence is that of "reasonably effective assistance," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 687, 689. The district court properly found that Guesman's three meetings with James prior to trial in this straightforward narcotics case were enough to fall within the "wide range of reasonable professional assistance."
 
 
 17
 B. Attorney's Refusal to Allow James to Plead Guilty
 
 
 18
 James's claim that Guesman rendered ineffective assistance by not allowing him to plead guilty to certain counts of the indictment cannot be evaluated on the existing record. In his affidavit in support of the motion, James states that Guesman advised against a guilty plea because "pleading guilty to some of the charges would be like pleading guilty to all of them." James also submitted a letter from the Assistant U.S. Attorney to Guesman stating (1) the government was interested in pursuing an "off-the-record" proffer or discussion with James, and (2) the government would consider such a discussion "in formulating an appropriate resolution of the case." James alleges that Guesman failed to apprise him of the potential for plea bargain negotiations or to pursue such negotiations with the government.
 
 
 19
 The record, as it presently stands, does not adequately indicate whether Guesman attempted to negotiate a plea with the government, whether the government ever offered a plea agreement, or whether Guesman communicated any such offer to James. The government alleges that it and Mr. Guesman did enter into such negotiations, but they were unsuccessful. In denying James's motion, the district court accepted this allegation. It is not clear, however, what evidentiary basis exists to support the government's allegation.
 
 
 20
 At a minimum, the district court should have ordered the government to produce a sworn affidavit from Guesman to clarify the record on this issue. This is a claim based on alleged occurrences entirely outside the record, which if true would support relief, and the allegations are not patently frivolous or false. Accordingly, the district court erred in failing to hold an evidentiary hearing or to require the government to produce a sworn affidavit to support the hearsay statements attributed to Guesman. See Watts, 841 F.2d at 277; Baumann, 692 F.2d at 571.
 
 
 21
 C. Attorney's Failure to Remain Awake at Trial
 
 
 22
 James's claim that Guesman was "half-asleep" during portions of the trial and failed to object to certain testimony cannot be dismissed as frivolous or false on its face. See Javor v. United States, 724 F.2d 831, 832-33 (9th Cir.1984); United States v. Petersen, 777 F.2d 482, 484 (9th Cir.1985) (allegation that counsel fell asleep at trial "not meritless on its face"), cert. denied, 479 U.S. 843 (1986). In Javor, we required the district court to hold an evidentiary hearing to determine whether counsel slept during trial. 724 F.2d at 832-33. Following a full evidentiary hearing, the district court found defense counsel had slept through a substantial portion of the trial, and we held it was inherently prejudicial to the defendant for his attorney to sleep through a substantial portion of the trial. Id. at 833. In Petersen, we affirmed the district court's rejection of the ineffective assistance claim, but there the evidentiary basis for that rejection consisted of the defendant's trial attorney's sworn testimony as well as the district court's own observations. See 777 F.2d at 484.
 
 
 23
 Here, we have the district judge's remark that he "did not notice Mr. Guesman sleeping during the original trial on this matter" and the government's representation that "Mr. Guesman says that he did not fall asleep." While the present record in this case does not suggest a great likelihood that Guesman slept through a substantial portion of the trial, the government's representation and the district judge's observation, standing alone, are not an adequate evidentiary basis for the denial of James's claim. This is so because the government's hearsay representation of what Guesman said is considerably less reliable than a sworn statement. Accordingly, we return this claim to the district court to permit James "to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." See Pope, 841 F.2d at 958; Watts, 841 F.2d at 277.
 
 
 24
 D. Attorney's Refusal to Allow James to Testify at Trial
 
 
 25
 Finally, the merits of James's claim that he was prevented from testifying in his own defense because Guesman threatened to abandon the case if James testified cannot be evaluated on the present record. The district court rejected this claim on the basis of our decision in United States v. Martinez, 883 F.2d 750, 755 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470, 1471 (9th Cir.1991). In Martinez, we rejected a claim of ineffective assistance where the record established that defense counsel made a reasonable strategic decision not to have the defendant testify at trial, despite the defendant's request to do so. 883 F.2d at 752-55.
 
 
 26
 Here, James contends the district court erred in relying on Martinez as that opinion has been vacated. See 928 F.2d at 1471 (reversing the conviction and vacating the previous opinion because jury selection was conducted by a magistrate, rather than a district judge). James is correct in noting that a vacated opinion has no precedential effect. See, e.g., Durning v. Citibank, 950 F.2d 1419, 1424 n. 2 (9th Cir.1991) (decision of this court vacated by the Supreme Court held to have "no precedential authority whatsoever"). However, the fact that the first Martinez opinion was vacated does not prohibit a court from seeking guidance from the vacated opinion on issues that were not invalidated by the subsequent opinion. See United States v. Clark, 617 F.2d 180, 184 n. 4 (9th Cir.1980) (if reasoning on an issue in vacated decision not invalidated and still persuasive, reasoning may be adopted in subsequent case). Because the ineffective assistance claim was not the basis for vacating the first Martinez opinion, the district court did not err in looking to that opinion for guidance in ruling on James's claim regarding Guesman's refusal to allow him to testify. Id. at 184 n. 4.
 
 
 27
 While it was reasonable for the district court to look to the reasoning in Martinez, the district court misconstrued Martinez as establishing a per se rule that an attorney's decision to override his client's desire to testify cannot form the basis for an ineffective assistance claim. In Martinez, we rejected the ineffective assistance claim only after conducting a fact-specific analysis of the attorney's conduct. See Martinez, 883 F.2d at 752 (quoting at length attorney's testimony regarding conversations with defendant about whether to testify); id. at 755 (discussing in detail attorney's stated reasons for decision not to put defendant on the stand).
 
 
 28
 Unlike Martinez, the record in this case contains no testimony from Guesman regarding the reasons for his decision not to call James as a witness. Indeed, because the district court relied on the hearsay statements attributed to Guesman by the government, the record contains no sworn statement at all from Guesman. Without proper evidence in the record regarding James's allegations, we cannot determine whether Guesman made a reasoned, strategic decision not to allow James to testify at trial. Consequently, we return this claim to the district court to supplement the present record with regard to "what counsel did, why it was done, and what, if any, prejudice resulted." Pope, 841 F.2d at 958; Watts, 841 F.2d at 277.
 
 II. Denial of Right to Testify
 
 29
 James's contention that he was denied his constitutional right to testify on his own behalf is without merit. A district court has no duty to inform the defendant of his right to testify. United States v. Edwards, 897 F.2d 445, 446 (9th Cir.1990). Where "[n]either the prosecution nor the court [is] given any reason to think the defendant desired to testify," a defendant's "silence at trial effectively waive[s] his right to testify on his own behalf." Id. at 447.[1]
 
 
 30
 The record reveals that neither the court nor the prosecution was given any reason to think James wanted to testify. Accordingly, the district court properly rejected James's claim his constitutional right to testify was violated.
 
 CONCLUSION
 
 31
 For the reasons set forth above, the judgment of the district court denying James's 28 U.S.C. § 2255 motion is AFFIRMED as to James's claim he was deprived of his right to testify on his own behalf and REVERSED AND REMANDED for an evidentiary hearing or other augmentation of the record as to James's ineffective assistance of counsel claim.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Edwards did not address a claim that this waiver was the result of ineffective assistance of counsel, and we do not consider Edwards 's rationale to dictate that an ineffective assistance claim such as James's is foreclosed