33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dianne Lee FELLMAN, Petitioner-Appellant,
v.
Sue POOLE, Warden, Respondent-Appellee.
 No. 93-16614.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided Aug. 19, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Dianne Fellman was convicted of murdering her husband, Elroy Fellman. She petitioned for habeas corpus relief in district court, alleging errors of prosecutorial misconduct, ineffective assistance of counsel, and judicial coercion of the jury by a threat of sequestration. The district court denied her petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 I.
 
 3
 Petitioner alleges five instances of prosecutorial misconduct. The standard of review on habeas corpus is whether a prosecutor's improper conduct " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citation omitted).
 
 
 4
 The five instances of prosecutorial misconduct are (1) improper impeachment of defense witnesses by the prosecutor, (2) statements made by the prosecutor of facts not proved at trial, (3) improper vouching for certain witnesses by the prosecutor, (4) improper questioning of Petitioner, and (5) improper statements made by the prosecutor insinuating perjurious collusion between petitioner and her attorney. The state appellate court found each instance of prosecutorial misconduct improper, but it concluded that neither solely nor cumulatively, did the conduct warrant reversal. The district court also concluded that none of the alleged prosecutorial misconduct warranted reversal.
 
 
 5
 Although some of the prosecutor's conduct during petitioner's trial was improper, it did not so infect the trial with unfairness as to rise to a due process violation. When the weight of the evidence against a defendant heavily supports a finding of guilt, the likelihood that the jury's decision was influenced is reduced. See id. at 182. Our review of the record demonstrates that there was overwhelming evidence of guilt produced at trial. Additionally, petitioner's counsel objected to much of the improper conduct, and the court sustained the objections. In light of the objections sustained and the overwhelming evidence of guilt adduced at trial, we conclude that the improper conduct of the prosecutor did not rise to the level of a due process violation.
 
 II.
 
 6
 Petitioner's second contention is that the district court erred in concluding that she received effective assistance of counsel during her trial. Petitioner further contends that the district court erred by dismissing her petition without first providing her with an evidentiary hearing. We disagree with both contentions.
 
 
 7
 Our review of counsel's performance is highly deferential, and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must establish that counsel's performance was deficient and that the deficient performance prejudiced her defense. Id. at 687. To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 8
 Petitioner contends that she received ineffective assistance of counsel (1) because her trial counsel, James McKittrick, was not fully functional and engaged in "bizarre, offensive and inexplicable behavior" as a result of the medication he took during her trial, and (2) because McKittrick fell asleep during her trial, thereby denying petitioner her Sixth Amendment right to a fair trial.
 
 
 9
 The trial court conducted a lengthy hearing on a motion for a new trial concerning the effectiveness of representation provided by petitioner's counsel. The transcript of the hearing consumed over 1500 pages.
 
 
 10
 Counsel's medication was addressed extensively at the hearing on the new trial motion. McKittrick testified that he took as many as eight different medications during trial. Three doctors testified to McKittrick's competence even while under the influence of the various medications. One doctor gave conflicting testimony that an individual who ingested what McKittrick had would be mentally disabled. In addition to the medical evidence, the trial court heard testimony from many others, including court personnel familiar with McKittrick, petitioner, and petitioner's family. Based in part on the above testimony, and in part on his own observation of McKittrick during petitioner's trial, the trial judge concluded that McKittrick had not been drug impaired and did not render petitioner ineffective assistance of counsel.
 
 
 11
 We conclude that petitioner did not establish an ineffective assistance of counsel claim based on McKittrick's medication during trial. Because the trial judge presided over both the trial and the new trial motion, he had the opportunity to view McKittrick's conduct first hand. In addition, substantial expert testimony adduced at the new trial motion indicated that McKittrick was competent at the time he was representing petitioner. McKittrick properly objected in a timely fashion, and there is substantial evidence that McKittrick otherwise fully understood and properly participated in the trial proceedings.
 
 
 12
 Petitioner's second ground of ineffective assistance of counsel is that McKittrick dozed off twice during her four month trial. We have held that when "an attorney for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently prejudicial...." Javor v. United States, 724 F.2d 831, 833 (9th Cir.1984). However, this is not such a case. Petitioner retains the burden of establishing prejudice from any lack of attention to the proceedings. See United States v. Peterson, 777 F.2d 482, 484 (9th Cir.1985), cert. denied, 479 U.S. 843 (1986).
 
 
 13
 The California Court of Appeal held that "[t]he facts in the instant case are similar to those in Peterson. Here the evidence supports the trial court's finding that McKittrick was not asleep for any appreciable time during the trial, but became drowsy at which point the court called a recess. As in Peterson, defendant has failed to show any prejudice." The findings of the state court after a hearing on the merits on a factual issue are entitled to a presumption of correctness. See Sumner v. Mata, 449 U.S. 539, 546-47 (1981). With the presumption accorded to the correctness of the state court findings, we conclude that petitioner has failed to establish that any momentary lapse of attention by counsel was prejudicial to petitioner.
 
 
 14
 We next address whether the district court erred in failing to provide petitioner with an evidentiary hearing on her ineffective assistance claim. We conclude that the court did not err.
 
 
 15
 Petitioner claims that two admissions by her trial counsel, after her new trial motion, contradict McKittrick's testimony given at the new trial motion that he was not drug impaired, and therefore required the district court to provide her with an evidentiary hearing. In a habeas corpus proceeding under 28 U.S.C. Sec. 2254, "an evidentiary hearing is required when: (1) the petitioner's allegations, if proved, would establish the right to relief (prima facie case); and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir.1986).
 
 
 16
 First, we conclude that petitioner's allegations, if proved, would not establish her the right to relief. The two "admissions" she refers to consist of (1) a transcript of sworn testimony of a superior court clerk given in August 1987 stating that McKittrick had said to her earlier in the year that "he had been incompetent for a number of years and that he didn't know it," and (2) McKittrick's own statement in court in February 1987 that his trial performance and preparation had been "essentially nil as a result of compulsive gambling, lack of sleep and consequent lack of mental alertness." However, neither of these "admissions" establishes a prima facie case of ineffective assistance of counsel for petitioner. The statements were made approximately three years after the conclusion of the new trial motion. Neither statement is directly connected to petitioner's case, nor does either even reference a precise time period.
 
 
 17
 The second requirement for an evidentiary hearing is a finding that the state court did not reliably find the relevant facts after a full and fair hearing on the matter. Petitioner, however, received a full, fair, and lengthy hearing before the trial court during her new trial motion. The transcript is over 1500 pages and includes testimony from many experts and various individuals. Following the hearing, the court concluded:
 
 
 18
 I have come to the conclusion that his medication and that long list of drugs which so startled me when I first saw him is just a given in Mr. McKittrick's psychological makeup. And its a--substantial people, superior court judges, lawyers, district attorney, an attorney general have been able to testify to his abilities while using these drugs both before and after this trial....
 
 
 19
 The state court gave a full and fair contemporaneous hearing on the matter. The offering of the vague evidence of competence relating back three years to this trial is insufficient to require a hearing.
 
 
 20
 Petitioner's contention that her hearing in the state court was not fair because the trial judge exhibited a bias in favor of McKittrick lacks merit. The minor references to McKittrick as a friend do not warrant a finding of bias. The trial judge stated that he used the device of referring to lawyers as friends as a way of obtaining the lawyers' cooperation. It did not mean that he would favor the attorney. "A State trial judge's conduct would have to be significantly adverse to the defendant before it violated the constitutional requirement of due process and warranted federal intervention." See Garcia v. Warden, 795 F.2d 5, 8 (2d Cir.1986). This is not such a case. Petitioner received a full and fair hearing before the state court and the district court did not err by not providing petitioner with an evidentiary hearing at the federal level.
 
 III.
 
 21
 Petitioner's final contention is that the district court erred in finding that the trial court did not coerce the jury into reaching a guilty verdict by threatening sequestration. This contention has no merit.
 
 
 22
 In the evening of the third day of deliberations, the foreman of the jury informed the judge that they wished to recess until the next morning. He also informed the judge that the jury had reached an unanimous verdict on the murder charge, but it had not yet reached a verdict on the firearm use charge. Because the jury had reached a partial verdict, the trial judge informed the jury that, under the circumstances, he intended to send them out for dinner to then return and continue deliberations until they felt like retiring, at which time hotel accommodations would be arranged. After learning that it did not cause any juror great hardship, and after discussing it with both attorneys, the court decided to proceed with that plan. The trial judge emphasized to the jurors that he did not want to force a verdict in any way; rather, he preferred that they not separate for the night.
 
 
 23
 Whether a judge's statements amount to coercion of a verdict is "peculiarly dependent upon the facts of each case." People v. Carter, 442 P.2d 353, 356 (Cal.1968) (citation omitted). We conclude that the trial judge's statements were not coercive; instead, he handled the matter appropriately in light of the circumstances. We find no error.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3