85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Enoyoje ONAGHISE, Defendant-Appellant.
 No. 94-16679.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Enoyoje Onaghise appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction imposed following his jury conviction for conspiracy to import heroin in violation of 21 U.S.C. §§ 963 and 952(a). Onaghise contends that the district court erred by failing to grant an evidentiary hearing on his conflict of interest and ineffective assistance of counsel claims. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo the denial of a § 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 An evidentiary hearing is required if a defendant's allegations are based on facts outside the record, unless the motion, files, and record conclusively show that the petitioner is entitled to no relief. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989). "We have also held that rather than conduct a hearing, courts may use discovery or documentary evidence to expand the record." Shah, 878 F.2d at 1159. In addition, judges may use their own notes and recollections to supplement the record. Id.
 
 A. Conflict of Interest
 
 4
 Onaghise contends that he was denied the right to conflict free counsel because his attorney had previously represented Gary Orji, an individual arrested but not indicted in connection with the alleged conspiracy. At trial, Onaghise attempted to establish as a defense that Orji had duped him into importing the heroin.
 
 
 5
 In order to establish a violation of the Sixth Amendment, a defendant must show that his counsel actively represented conflicting interests. Garcia v. Bunnell, 33 F.3d 1193, 1198 (9th Cir.1994), cert. denied, 115 S.Ct. 1374 (1995). "Conflicts of interest can arise both in cases of simultaneous and successive representation. Generally, it is more difficult to show an actual conflict resulting from successive rather than simultaneous representation." Mannhalt v. Reed, 847 F.2d 576, 580 (9th Cir.) (citations omitted), cert. denied, 488 U.S. 908 (1988). "In successive representation, conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communication of the former client or otherwise divides his loyalties." Id.
 
 
 6
 We agree with the district court that Onaghise has failed to demonstrate that an actual conflict exists because counsel's representation of Orji was limited to issues pertaining to bail, thus minimizing the possibility of divided loyalties. See id. (finding no actual conflict of interest where counsel represented a key government witness at an arraignment and line-up in the same case). Accordingly, the district court did not err by failing to hold an evidentiary hearing on Onaghise's conflict of interest claim because the record conclusively shows that Onaghise is entitled to no relief. See Shah, 878 F.2d at 1160.[1]
 
 B. Ineffective Assistance of Counsel
 
 7
 Onaghise contends that the district court erred by failing to hold an evidentiary hearing on his claim he was denied effective assistance of counsel because: (1) counsel failed to investigate his defense; (2) there was a breakdown in communication; and (3) counsel slept during critical portions of the trial.
 
 
 8
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991).
 
 1. Failure to Investigate
 
 9
 Onaghise contends that trial counsel did not adequately investigate his defense that he had been duped by Orji into smuggling heroin. Even assuming, arguendo, that trial counsel's conduct fell below the standard of reasonable professional judgement, Onaghise has failed to show prejudice. See Strickland, 466 U.S. at 687. Onaghise's claimed error amounts to mere speculation, and falls well short of establishing prejudice. See Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir.1981) (mere speculation insufficient to establish prejudice), cert. denied, 455 U.S. 1026 (1982). Accordingly, the district court properly denied this claim without an evidentiary hearing. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing not required on allegations that are wholly conclusory), cert. denied, 114 S.Ct. 2125 (1994).
 
 2. Breakdown of Communication
 
 10
 Onaghise contends that he was denied ineffective assistance of counsel due to a breakdown in communication. Counsel's declaration, however, rebuts Onaghise's assertions by documenting extensive contacts throughout the proceedings. Accordingly, the district court did not err by failing to hold an evidentiary hearing. See Strickland, 466 U.S. at 687; Shah, 878 F.2d at 1159.
 
 3. Sleeping during Trial
 
 11
 Finally, Onaghise contends that he received ineffective assistance of counsel because counsel was sleeping during critical portions of the trial. The district court's denial of this claim based on counsel's declaration and the district court's own observations was not improper. See United States v. Peterson, 777 F.2d 482, 484 (9th Cir.1985) (per curiam), cert. denied, 479 U.S. 843 (1986). Accordingly, the district court did not err by failing to hold an evidentiary hearing. See Shah, 878 F.2d at 1159 (judges may use their own recollections to supplement the record).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by failing to hold an evidentiary hearing on the issue of whether Onaghise objected to the alleged conflict at trial. See Shah, 878 F.2d at 1159 (judges may use their own recollections to supplement the record)