**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-15326 |
| Plaintiff - Appellee, | D.C. Nos. 2:16-cr-00155-JCM-CWH-1 2:20-cv-01094-JCM |
| v. | |
| JOEL KENNETH AUSBIE, | |
| Defendant - Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 6, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Joel Ausbie appeals the district court's denial of his motion under 28 U.S.C. § 2255, which alleged that his counsel in his federal criminal case provided ineffective assistance. We affirm.

**I**

Ausbie, Calvin Robinson, and Joseph Strickland were indicted in federal court for conspiracy to commit arson in violation of 18 U.S.C. § 844(i), (n), and conspiracy to commit extortion by force or threat of injury in violation of 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1951. Both Robinson and Strickland pleaded guilty prior to trial. Ausbie's jury trial began in July 2017, and he was represented at that trial by attorney Stephen Stein. At trial, the Government presented evidence that Ausbie's wife, Nicomi Sasser, had absconded with approximately $240,000 in cash that was hidden in a duffel bag in a closet under a staircase in their home. The Government's theory at trial was that, in order to secure the return of the money (which Robinson had brought to Ausbie's house), Ausbie, Robinson, and Strickland conspired to threaten Sasser and her parents, including by having Strickland shoot a firearm into the parents' home and set fire to their business. The jury convicted Ausbie of both conspiracy charges, and he was sentenced to 151 months in prison, followed by three years of supervised release.

On June 17, 2020, Ausbie filed his § 2255 motion. At the time the Government filed its response to the motion in November 2020, it had been unable to obtain an affidavit from Stein, who had been hospitalized for three months. In February 2022, the district court proceeded to deny the motion without a hearing, and it denied a certificate of appealability. Stein subsequently passed away in July 2022. In February 2023, we granted a certificate of appealability with respect to the rejection of Ausbie's ineffective assistance claim and the denial of an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), and 2255(d). We review the merits of the district court's decision de novo, *see*

*United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021), and we review its denial of an evidentiary hearing for abuse of discretion, *see United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022).

## II

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We apply a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotation marks and citation omitted). We agree with the district court's conclusion that Ausbie failed to establish ineffective assistance under *Strickland*'s standards.

## A

In support of his § 2255 motion, Ausbie presented declarations from three relatives and from a friend who attended his trial, all asserting that on several occasions throughout the trial, Stein fell asleep. "[W]hen an attorney for a criminal defendant sleeps through a *substantial* portion of the trial, such conduct is inherently prejudicial and thus no separate showing of prejudice is necessary." *Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984) (emphasis added). This claim was properly rejected without an evidentiary hearing.

3

None of the declarations asserted that Stein slept through a *substantial* portion of trial. The record shows that Stein actively participated throughout trial by responding to the trial court's inquiries, making contemporaneous evidentiary objections, indicating when he had difficulty seeing or hearing witnesses, giving his position on admitting Government exhibits, and referencing portions of the Government's closing argument in his own. *See Murray v. Schriro*, 882 F.3d 778, 820 (9th Cir. 2018) ("Most telling was the state's demonstration from the transcripts that counsel was actively questioning witnesses and objecting to testimony at times when [petitioner] accused counsel of being asleep."). Moreover, the district judge who denied Ausbie's § 2255 motion was the same judge who presided at his trial, and he expressly stated that "unlike in *Javor*, this judge presided over [Ausbie's] trial and did not witness counsel sleeping." *See United States v. Petersen*, 777 F.2d 482, 484 (9th Cir. 1985) (denying *Strickland* claim based on sleeping counsel because "[t]he judge stated that he sat twenty feet from the attorney, and that he did not notice him sleeping or snoring"); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) (noting that "the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion").

**B**

Ausbie contends that Stein rendered ineffective assistance by exercising

4

peremptory strikes against two African American jurors. Ausbie's theory is that the strikes were not permissible strategic judgments by counsel but impermissible race-based strikes under *Batson v. Kentucky*, 476 U.S. 79 (1986), and *Georgia v. McCollum*, 505 U.S. 42 (1992). Ausbie failed to make a sufficient showing to warrant an evidentiary hearing as to this claim. *See Juliano*, 12 F.4th at 940 ("Our scrutiny of counsel's performance must be highly deferential, and the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" (citation omitted)).

Stein explained during a sidebar with the district court and Government counsel that he struck these two particular African American jurors as "a strategy" because he believed that they would have "sympathy towards the victims." Stein never stated that the jurors' *race* was the source of that perceived sympathy, and the voir dire of the two relevant jurors revealed non-racial grounds for reasonably concluding that, in light of their background, they might have been sympathetic to the victims. Moreover, the speculative suggestion that Stein struck these jurors based on their race is further negated by the fact that earlier in the jury-selection process, at the conclusion of the questioning of the jurors and before any challenges for cause or peremptory strikes, Stein had affirmatively complained to the court at sidebar about the overall *lack* of African Americans in the venire. As the district judge explained in denying Ausbie's § 2255 motion, Stein decried the

5

paucity of African Americans on the venire precisely because he anticipated striking the handful of particular jurors who were African American.[1] The district court properly concluded that Ausbie's claim that Stein's strikes were "based on race" rather than "trial strategy" was "entirely speculative" and did not warrant an evidentiary hearing.

## C

With respect to Stein's failure to object to allegedly improper evidence of other acts, Ausbie has failed to overcome the presumption that Stein acted within the wide range of competent assistance. *See Juliano*, 12 F.4th at 940. On this record, it would be objectively reasonable to conclude that the evidence in question was unlikely to be excluded altogether. *See* FED. R. EVID. 404(b) (stating that evidence of "other crimes, wrongs, or acts" can be admissible to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). Moreover, given the limited amount and prominence of such other-acts evidence during the trial, it was reasonable for Stein to object to giving an explicit jury instruction concerning other acts on the ground that it would

---

[1] Ausbie notes that, in stating at sidebar that he would strike these jurors, Stein also stated, "Reverse *Batson*." But the same district judge had presided at Ausbie's trial, and he clearly did not view that wry comment as somehow negating Stein's expressed unhappiness at the lack of African Americans in the venire. Indeed, it was Stein's *Batson* comment that led the prosecutor to ask for the later clarification at sidebar that Stein's strikes had been based on strategy rather than race.

affirmatively highlight such evidence and thereby do more harm than good. In all events, even if Stein's handling of this issue was deficient, there is no basis in the record for concluding that Ausbie was prejudiced thereby.

Ausbie also failed to show ineffective assistance with respect to Stein's lack of objection to alleged hearsay statements recounted by Strickland in his testimony. Given the nature of these statements and the context in which they were introduced, Stein could reasonably have concluded that the statements were not excludable under the hearsay rule. And, when these statements are viewed in the context of the evidence as a whole, Ausbie failed to establish prejudice.

**D**

We reject Ausbie's contention that Stein's comments during opening and closing argument amounted to "the functional equivalent of a guilty plea." *United States v. Thomas*, 417 F.3d 1053, 1059 (9th Cir. 2005). Stein's suggestion that Ausbie may have been trying to help Robinson get back the money was not a concession that Ausbie had agreed to use *unlawful* means to do so or that Ausbie had participated in Strickland's and Robinson's actions. A decision not to contest particular factual points and to instead focus on particular disputed elements of the charged offense is a judgment that is left to counsel, and here the district court properly concluded that Ausbie had not shown that Stein's approach was outside the wide range of competent performance or that Ausbie had been prejudiced.

## E

Finally, Ausbie failed to show deficient performance or prejudice regarding Stein's decision not to conduct independent forensic testing of evidence in this case. Stein established during cross-examination of an FBI agent assigned to the case that various critical items of evidence had not been tested for fingerprints or DNA and that a note had not been subjected to handwriting analysis. In his closing argument, Stein emphasized the Government's failure to forensically test the evidence and to link that evidence to Ausbie. On this record, Stein's decision to highlight the Government's lack of forensic evidence instead of independently testing the evidence "might be considered sound trial strategy." *Juliano*, 12 F.4th at 940 (citation omitted).

## III

Even taking Ausbie's various claims together, we perceive no abuse of discretion in the district court's conclusion that Ausbie's showing was not sufficiently colorable to warrant an evidentiary hearing. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).

We affirm the denial of Ausbie's § 2255 motion.

**AFFIRMED.**