**UNITED STATES of America,**
**Appellee,**

v.

**Alan Harvey RICE, Lawrence Sanford**
**Toroker, Eddie Javor, Appellants.**

**No. 21172 A & B.**

United States Court of Appeals,
Ninth Circuit.

Oct. 29, 1970.

Rehearing Denied Jan. 25, 1971.

Richard G. Sherman, Sherman &
Sturman, Beverly Hills, Cal., for L. S.
Toroker and Eddie Javor.

David M. Rothman, Los Angeles, Cal.,
for A. Rice.

Joann I. Dunne (argued) and Henry
J. Novak (argued), Asst. U. S. Attys.,
Robert L. Meyer, U. S. Atty., Los Ange-
les, Cal., for appellee.

Before BROWNING and ELY, Circuit
Judges, and VON DER HEYDT, Dis-
trict Judge.*

PER CURIAM:

The three appellants were convicted in
1966 on several counts involving narcot-
ics violations under 21 U.S.C. §§ 174 &
176a. Their appeal to this court was
partially successful, and we remanded
for further proceedings on the issue of
the voluntariness of confessions given
by Rice and Toroker. Javor v. United
States, 403 F.2d 507 (9th Cir. 1968).
The trial record, which was before us at
the time of the first appeal, supported
the conclusion that the District Court
had misconstrued its function in making
the preliminary determination of volun-
tariness of the confessions. It appeared
to us that the trial judge had indicated
that he was making only a tentative con-
clusion before sending the case to the
jury for a resolution of the conflicting
evidence. We remanded for the purpose
of allowing the district judge to make
an independent finding of whether the
confessions were voluntary beyond a
reasonable doubt. Jackson v. Denno,
378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d
908 (1964). On remand, the district
judge made it clear that his trial ruling
had been misinterpreted by this court
and that he had indeed been convinced
beyond a reasonable doubt that the con-
fessions were voluntary. We have been
pointed to nothing in the record that
could convince us that the trial judge's
finding was "clearly erroneous."

* Honorable James A. von der Heydt, United States District Judge, District of Alaska, sitting
by designation.

■ On this second appeal, Javor now presents a question that we declined to answer on the first appeal. The facts surrounding this contention were set out by us as follows:

"The written confessions of both Rice and Toroker identified Javor as the source of the contraband. The trial judge proposed that counsel stipulate before the jury that Rice and Toroker had, at a prior time, admitted committing all of the offenses set forth in the counts of the indictment, under which each was charged. Counsel so stipulated, and no reference was made to the source of the narcotics in the government's case-in-chief.

"During the presentation of the defense, Rice and Toroker testified under examination by defense counsel that one 'Nick' and not Javor was the source of the contraband and, further, that Javor was present on critical dates at the residence of Rice and Toroker for legitimate business purposes only.

"On cross-examination the government was permitted, over objection, to confront both Rice and Toroker with certain portions of their written confessions, wherein each had named Javor as the supplier of the narcotics, and had stated that Javor's presence at their residence on the critical dates was in connection with this activity. Both Rice and Toroker eventually admitted that they had made these statements in their written confessions. The court carefully and fully instructed the jury that such evidence was received solely for impeachment and only against Rice and Toroker, and that it was not to be considered against Javor for any purpose."

403 F.2d at 511–512. Javor has urged that Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), requires reversal. We did not deal with the question earlier because it was premature until the voluntariness issue had been decided.

*Bruton* held that a confession given by one defendant and implicating a codefendant may not be admitted into evidence if the confession defendant does not testify. The confession would constitute inadmissible hearsay evidence against the codefendant, who would thus be denied his constitutional right to confront and cross-examine the witness against him. Since *Bruton* was concerned primarily with preserving the right of cross-examination, our court has held that reversal is not required if a confessing codefendant testifies subject to cross-examination by the nonconfessing defendant. Santoro v. United States, 402 F.2d 920 (9th Cir. 1968), cert. denied, 400 U.S. 849, 91 S.Ct. 58, 27 L.Ed.2d 86 (Oct. 13, 1970).

■ Appellants Rice and Toroker urge on this appeal that their convictions should be reversed because the trial court refused to instruct the jury in terms of the American Law Institute standards on insanity. We held in Wade v. United States, 426 F.2d 64 (9th Cir. 1970), that the outdated *M'Naghten* standards would no longer be deemed sufficient and that the District Courts of our Circuit should, with certain modifications, apply the A.L.I. proposals. The new rule was held to apply with "limited retroactivity" so as to affect those cases in which the judgments of conviction were not yet final at the date of the Wade opinion. Under the literal language of *Wade*, Rice and Toroker would gain the benefit of that opinion, since this appeal was pending at the time. But the judgments of conviction were final as to every issue except that of the voluntariness of the confessions. We had already reviewed the convictions and had remanded only for limited proceedings in the District Court. In these circumstances, we hold that the issue concerning appropriate insanity instructions was foreclosed to these appellants before the issuance of our *Wade* opinion.

Affirmed.