**Eddie G. JAVOR, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 81–5532.

United States Court of Appeals,
Ninth Circuit.

Argued July 8, 1982.

Submitted Aug. 20, 1983.

Decided Jan. 26, 1984.

Eddie G. Javor, in pro. per.

Daniel Gonzalez, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before ANDERSON, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

Petitioner-appellant Eddie G. Javor was convicted in 1965 on two counts of an indictment charging possession and sale of heroin in violation of 21 U.S.C. § 174 after a two-week jury trial in which he was one of three defendants. He was sentenced to seven years imprisonment.

His direct appeal from this conviction resulted in a decision remanding his case for further proceedings in the district court. *Javor v. United States,* 403 F.2d 507 (9th Cir.1968). When petitioner's judgment of conviction was reinstated by the district court, his appeal was unsuccessful and the judgment was affirmed. *United States v. Rice,* 435 F.2d 836 (9th Cir.1970), *cert. denied,* 404 U.S. 864, 92 S.Ct. 44, 30 L.Ed.2d 107 (1971).

On December 14, 1971, petitioner filed a motion pursuant to 28 U.S.C. § 2255 for relief from the district court judgment. Three months later he filed a second motion for a new trial and a motion for reduction of sentence. Though his motion for a new trial was denied, the district court reduced his sentence from seven to five years' imprisonment. On February 3, 1972, it denied petitioner's motion for postconviction relief under 28 U.S.C. § 2255. The ruling was affirmed by this court. *Javor v. United States,* 467 F.2d 481 (9th Cir.1972), *cert. denied,* 411 U.S. 932, 93 S.Ct. 1898, 36 L.Ed.2d 391 (1973).

In June 1973, petitioner filed a second motion pursuant to 28 U.S.C. § 2255, which the district court denied. This ruling was affirmed on appeal. *Javor v. United States,* No. 74–1795, Memorandum Opinion (9th Cir. Sept. 4, 1975). Petitioner spent September 1973 through May 1974 in custody before being released on bail pending appeal.

From prison, petitioner filed an original petition for writ of habeas corpus with this court in December 1975 based on violation of his sixth amendment right to the assistance of counsel. The petition was dismissed on May 23, 1978 for failure to prosecute

what was mistakenly believed to be a direct appeal from the district court. On December 26, 1978, the dismissal order was vacated, and the petition was ordered reinstated and referred to the district court for consideration. Because the original trial judge, the Honorable Jesse W. Curtis, Senior United States District Judge, had disqualified himself at petitioner's request from further proceedings in the case, the Honorable Lawrence T. Lydick, United States District Judge, was assigned to hear the petition. The petition was referred to the Honorable Ralph J. Geffen, United States Magistrate, for his report and recommended judgment.

The magistrate held a bifurcated evidentiary hearing on the petition. After the first phase was completed on November 25, 1980, the magistrate proposed findings of fact and the conclusion of law that petitioner's retained trial attorney, Samuel S. Brody, had not given representation within the range of competence demanded of attorneys in criminal proceedings.[1] The magistrate found:

> that petitioner's trial counsel was asleep or dozing, and not alert to proceedings, during a substantial part of the trial of petitioner and his two co-defendants; that by reason thereof petitioner was not assisted by counsel at a substantial portion of the trial, including some occasions when evidence relevant to the prosecution case against defendant and very likely to his defense was being elicited and the participation of trial counsel (to observe witnesses, listen to testimony, consider the posing of objections, prepare cross-examination of witnesses, consider the preparation of rebuttal evidence, and prepare argument on such evidence) was proper; that such conduct was not usual or customary by defense counsel, but was, on the contrary, rare, if ever.

After the second phase was completed on February 11, 1981, the magistrate proposed findings of fact and his conclusion of law that though petitioner had not received the competent assistance of his counsel, he had failed to show that prejudice resulted. The

---

1. Mr. Brody is deceased and was not available for the posttrial proceedings.

magistrate's recommendation that the petition for writ of habeas corpus be denied was adopted by the district court.

Petitioner filed a notice of appeal from the district court's judgment on June 11, 1981. He is not in custody, having completed service of his sentence.

On July 29, 1982, this panel issued an order remanding the case to the district court for further proceedings in the interest of justice and out of a sense of fundamental fairness. We ordered an evidentiary hearing to determine whether any prejudice resulted to the petitioner as the result of the conduct of his attorney during the 1965 trial.

We stated:

> We cannot determine from the record before us whether it is necessary to reach the question that Javor urges us to decide: whether the fact that counsel slept during portions of the trial affecting defendant constitutes prejudice *per se*. *See Cooper v. Fitzharris,* 586 F.2d 1325, 1331 (9th Cir.1978), *cert. denied,* 440 U.S. 974 [99 S.Ct. 1542, 59 L.Ed.2d 793] (1978). We believe that the development of a more complete record reflecting the extent, if any, to which actual prejudice occurred is desirable. We do not determine at this time the degree of prejudice that will comply with *Cooper* when the case involves sleeping counsel.

The district court referred the matter for a report and recommendation to the magistrate who had originally considered the petition for writ of habeas corpus, the Honorable Ralph J. Geffen. The hearing was held on the reporter's transcript of the original trial and no additional evidence was received.

The magistrate determined that the petitioner had failed to show that he suffered actual prejudice by his attorney's conduct. Contrary to the conclusion reached after an evidentiary hearing in 1980, the magistrate stated:

> As a result of a careful reading and study of the entire trial transcript, with particular attention to portions thereof to which petitioner directed attention, it is found that petitioner's attorney made appropriate motions and objections, gave vigorous and legally adequate argument in support thereof, and was frequently successful in convincing the court, and that he presented a vigorous and effective examination and cross-examination of witnesses and presented as adequate a defense as the facts appear to have permitted.

The magistrate's supplemental report was adopted by the district court and the case is now ready for adjudication.

When we remanded this case to the magistrate, we expressly declined to determine what degree of prejudice was required on these facts. The original report determined that Javor's attorney was asleep during a substantial portion of Javor's trial, that he failed to participate when evidence against Javor was being heard, and that the judge was at times concerned about his inattentiveness. The second report concluded that, nevertheless, the defense offered was "adequate" and did not prejudice Javor. This conclusion was based on a review of a record which lacked any indication of when Javor's attorney was alert and when he was asleep. The difficulty in proving prejudice on a record which cannot show "absence" or failure to act is illustrated by these two reports—the first which solidly found incompetence by virtue of absence, and second which was based on Javor's attorney's participation when awake and discounted the fact of his absence to find that Javor had adequate assistance.

■ Today we conclude that when an attorney for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently prejudicial and thus no separate showing of prejudice is necessary. *See Holloway v. Arkansas,* 435 U.S. 475, 489–91, 98 S.Ct. 1173, 1181–82, 55 L.Ed.2d 426 (1978); *cf. Rinker v. County of Napa,* 724 F.2d 1352 at 1354 (9th Cir.1983) (per curiam). Javor's sixth amendment right to counsel was violated not because of specific legal errors or omissions indicating incompetence, but because he had *no* legal

assistance during a substantial portion of his trial. The magistrate's finding of no actual prejudice is not controlling because regardless of counsel's participation when present, when a defendant is tried in the partial absence of counsel, he is prejudiced as a matter of law. *Id.*

■ Prejudice is inherent in this case because unconscious or sleeping counsel is equivalent to no counsel at all. The mere physical presence of an attorney does not fulfill the sixth amendment entitlement to the assistance of counsel, *Holloway v. Arkansas,* 435 U.S. at 489, 98 S.Ct. at 1181, particularly when the client cannot consult with his or her attorney or receive informed guidance from him or her during the course of the trial. *Geders v. United States,* 425 U.S. 80, 88–89, 96 S.Ct. 1330, 1335–1336, 47 L.Ed.2d 592 (1976). *See also People v. Zammora,* 66 Cal.App.2d 166, 234–37, 152 P.2d 180, 211–15 (1944) (counsel and defendants seated separately, making consultation impossible); *State v. Keller,* 57 N.D. 645, 223 N.W. 698, 64 A.L.R. 434 (1929) (counsel "intoxicated to such an extent that he did not know what was transpiring at all times in the court room"). The prejudice inherent in Javor's counsel's actions is well illustrated by considering the ongoing consultation ordinarily required in the course of a criminal trial. Generally an attorney and client need to confer about the testimony or evidence adduced at trial and together evaluate its impact. *Geders v. United States,* 425 U.S. at 88, 96 S.Ct. at 1335; *People v. Zammora,* 66 Cal.App.2d at 234, 152 P.2d at 214–15. Moreover, a trial attorney must be present and attentive in order to adequately test the credibility of witnesses on cross-examination, a matter of constitutional importance. U.S. Const. amend. VI (confrontation clause). *See Chambers v. Mississippi,* 410 U.S. 284, 294–95, 93 S.Ct. 1038, 1045–46, 35 L.Ed.2d 297 (1973); *United States v. Tucker,* 716 F.2d 576, 585–86 (9th Cir.1983); *People v. Manson,* 61 Cal.App.3d 102, 197–201, 132 Cal.Rptr. 265, 323–27 (1976), *cert. denied,* 430 U.S. 986, 97 S.Ct. 1686, 52 L.Ed.2d 382 (1977); *White v. State,* 414 N.E.2d 973, 975–76 (Ind.App.1981).

The magistrate originally found as a matter of fact that Javor's attorney was sleeping while testimony pertaining to the petitioner was being adduced and from time to time had indicated to another defendant's lawyer that "he had missed some of the testimony and asked ... if he had missed anything related to petitioner." The trial judge noted that Javor's attorney was often "dozing" and that other attorneys "nudged" and "kicked" him to wake him up.

The nature of Javor's attorney's misconduct distinguishes this case from *Cooper v. Fitzharris.* *Cooper* dealt with situations in which "the claim of ineffective assistance is founded upon *specific acts and omissions* of defense counsel at trial." 586 F.2d at 1327 (emphasis added). In such cases, the specific acts of counsel are used to show ineffectiveness, and thus it must be shown that such acts were errors which were so unreasonable that they prejudiced the defendant's right to a fair trial. The *Cooper v. Fitzharris* en banc panel was careful to limit its holding to cases in which the specific errors alleged are those which "could have been reviewed on direct appeal ... or could be relied upon as in themselves justifying collateral attack." *Id.* at 1333. The impact of such errors "appears on the face of the trial record" and thus is narrowly and readily reviewable. *Id.* at 1332. By contrast, when there is an absence of counsel, "the evil lies in what the attorney does not do, and is either not readily apparent on the record, or occurs at a time when no record is made." *Id.* (citing *Holloway v. Arkansas,* 435 U.S. at 491, 98 S.Ct. at 1182).

When a defendant's attorney is asleep during a substantial portion of his trial, the defendant has not received the legal assistance necessary to defend his interests at trial. In Javor's case, his sixth amendment right to the effective assistance of counsel was violated in that he had *no* assistance during a substantial portion of his trial. As the court realized in *Cooper v. Fitzharris,* 586 F.2d at 1332 (quoting *Holloway v. Arkansas,* 435 U.S. at 490, 491, 98 S.Ct. at

1181, 1182), an inquiry into the question of prejudice would require "unguided speculation" and "would not be susceptible to intelligent, even handed application" because an attorney's absence prejudices a defendant more by what was not done than by what was done. The magistrate's second report on the issue of prejudice found no error based on Javor's attorney's conscious participation in the trial. The real question was the effect of his failure to participate in the substantial portion of the trial during which he slept.

Javor has already served his sentence. However, his petition is not moot as the collateral consequences of his conviction for sale and possession of heroin persist. *Pennsylvania v. Mimms,* 434 U.S. 106, 108 n. 3, 98 S.Ct. 330, 332 n. 3, 54 L.Ed.2d 331 (1977). The district court judgment, adopting the magistrate's finding that Javor was not tried in violation of his sixth amendment right to the assistance of counsel, is REVERSED.

J. BLAINE ANDERSON, Circuit Judge, dissenting:

With all due respect, I would affirm.

It is inappropriate, in my view, for this court to adopt a *per se* rule in this situation. *Per se* rules often create more mischief than benefit. Whether or not a defendant has been prejudiced by the conduct or misconduct of counsel should remain a part of the basic factual equation in determining whether there has been ineffective assistance of counsel. Applying that rationale here, I would affirm the factual findings of the magistrate as being supported by credible substantial evidence and hold that they are not clearly erroneous. Fed.R.Civ.P. 52(a).

This court has determined that in order to establish a denial of the constitutional right to counsel, "[d]efense counsel's errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney." *Cooper v. Fitzharris,* 586 F.2d 1325, 1330 (9th Cir.1979), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). Our determination also included a requirement that these errors or omissions result directly in prejudice to the defendant. *Id.* This second requirement is necessary because the fact of error alone is not enough to establish a.denial of the constitutional right—the constitution does not guarantee representation that is infallible. Consequently, relief is to be granted *"only* if it appears that the defendant was prejudiced·by counsel's conduct." *Id.* at 1331. (emphasis added)

Judicial review of a claim of ineffective assistance of counsel generally requires a two-step investigation consisting of a determination of whether counsel's performance has fallen below an established standard of competence and, if so, where the claim is founded on specific acts and omissions of defense counsel at trial, the accused must establish that counsel's errors prejudiced the defense. *Ewing v. Williams,* 596 F.2d 391 (9th Cir.1979) (citing *Cooper v. Fitzharris,* supra, at 1327). The initial inquiry in the instant matter resulted in a finding of ineffective performance by counsel; however, further inquiry as a result of our remand for hearing resulted in a finding that no prejudice had been demonstrated by defendant Javor. The majority relies, in part, on a finding made at the first hearing in 1980 where Javor refused to offer the trial transcript in evidence. This finding, and others, have been superseded by the findings and conclusions made after the more thorough hearing following our remand. It is improper to so rely.

Javor argues prejudice, as a matter of law, flowing from the sleeping of his retained counsel—an argument akin to the deprivation of counsel situation in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In *Wainwright* a *per se* rule was established, but established on much more compelling facts than those of the instant matter. This is not a case where counsel was denied by the court, as in *Gideon,* or where judicial or governmental conduct intervened to prevent counsel from being effective, nor is it a case where counsel was forced upon a defendant or selected by the court. This is a case where

counsel was selected by the defendant as a matter of his own free choice. Javor did not complain about the shortcomings of his attorney to the judge during his trial; he did not discharge the attorney nor seek assistance from the court. The magistrate noted that the trial judge observed the sleeping attorney, but did not call a recess because the attorney would only doze off momentarily and then wake up. The magistrate also found that all of the "dozing" occurred during times when the court proceedings did not concern issues which applied to defendant Javor. Based on the evidence submitted at the hearing, the magistrate concluded that there was no showing that the defense counsel committed any error of trial tactics or strategy. He found that the record reflected no missed objection to inadmissible evidence, no lost defense, no failure to produce favorable available evidence, and no inability to fully argue the case to the jury. The magistrate referred to almost 50 instances in the record to support these conclusions. These are factual findings supported by the evidence and we should apply the clearly erroneous standard of review.

Moreover, as outlined in the majority opinion (at p. 832), Javor has had more than his day in court. In each prior appeal, he was represented by able counsel. In his next to the last appearance in this court, 467 F.2d 481 (again with able counsel), a panel unanimously affirmed the denial of his habeas corpus petition under 28 U.S.C. § 2255 wherein he claimed retained counsel was incompetent and he had received ineffective assistance of counsel. This court affirmed, stating:

> "The critical factual determination on the competence of counsel was made after a comprehensive hearing in which the district court gave careful consideration to every point urged by petitioner. The findings against petitioner are supported by substantial evidence."

467 F.2d at 482.

Under § 2255, a court is not required to consider successive motions for similar relief by the same prisoner. I suggest that the district court may have abused its discretion in considering the present petition and we seem to have contributed to it by our order remanding for further hearing.