**Ex parte Calvin Jerold BURDINE.**

**No. 16725–06.**

Court of Criminal Appeals of Texas,
En Banc.

April 6, 1995.

Certiorari Denied May 30, 1995.
See 115 S.Ct. 2256.

Brent E. Newton, Richard Burr and Kathy Patrick, Houston, Robert McGlasson, Decatur, GA, for applicant.

John B. Holmes, Jr., Dist. Atty., Roe Wilson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

MALONEY, Judge, dissenting.

The matter of denial of effective assistance of counsel due to the absence of counsel because of his sleeping during the trial, having been presented in this case and a majority of this Court having determined that the same should not be considered by this Court, I write separately in dissent of the Court's actions.

---

2. Oral argument of T.L. Rees, Sr., counsel for Colorado Independent School District, November 16, 1994.

3. *Id.*

The trial judge found as a matter of fact and law, after a full and complete hearing on the issue presented, that counsel did sleep during the presentation of evidence during applicant's trial for capital murder and that applicant was denied effective assistance of counsel. His findings were based upon affidavits and testimony from jurors in this case and upon the testimony of the clerk of the court who was present throughout the entire trial and testified to the effect that defense counsel was asleep on several occasions on several days over the course of the proceedings.[1] The trial judge made a factual finding that "counsel dozed and actually fell asleep during portions of applicant's trial on the merits, in particular during the guilt-innocence phase when the State's solo prosecutor, was questioning witnesses and presenting evidence." In his conclusions of law the trial judge determined that counsel for the applicant was therefore absent and that this constituted a per se violation of the Sixth Amendment to the Constitution of the United States.

An accused is entitled to effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court recognized that generally, in order to establish that he was denied effective assistance of counsel, the defendant must show that (1) he was denied reasonably effective assistance of counsel and (2) there is a reasonable probability that, but for the errors of counsel, the result of the proceeding would have been different. In some cases, however, the second prong of this test—the prejudice showing—is dispensed with. In *Strickland* itself, the Supreme Court stated that

In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.

*Id.* at 692, 104 S.Ct. at 2067. The Court again recognized this principle in *United States v. Cronic*, 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984), delivered the same day as *Strickland:*

There are ... circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel. The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.

The Court further noted that prejudice need not be shown when counsel "was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Id.* at 659 n. 25, 104 S.Ct. at 2047 n. 25.

The Ninth Circuit has held that such circumstances exist when defense counsel falls asleep during trial. *Javor v. United States*, 724 F.2d 831, 833 (9th Cir.1984). In *Javor*, the Court concluded that "when an attorney for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently prejudicial and thus no separate showing of prejudice is necessary" in order to establish a Sixth Amendment violation. The Court reasoned that sleeping counsel does not provide the legal assistance necessary to present the defendant's interests and is therefore tantamount to no assistance at all.

---

1. Three members of the jury testified that they noticed counsel's dozing. The jury foreman testified that, although his attention was devoted primarily to the witnesses testifying, he observed counsel "appearing to nod off or perhaps doze, catch himself dozing." He further testified that such dozing would occur "when there was either questioning or perhaps something being presented as evidence." Another juror testified that the dozing would usually begin when the prosecutor was putting on witnesses or presenting exhibits. Another juror observed counsel doze for about ten minutes at one point. The court's clerk testified in part that counsel's dozing "happened a lot", that "he fell asleep and was asleep for long periods of time during the questioning of witnesses", that at one time he was asleep "for at least ten minutes", and that there were "lots of incidents" of counsel dozing for shorter periods of time.

The issue presented in this case has never been addressed by the United States Supreme Court nor by this Court. At least one federal circuit court has recognized that in circumstances similar to those in this case, a Sixth Amendment violation occurred. Accordingly, this Court has a duty to at least file and set this case so that we can consider the issue. In addition, I also respectfully dissent to this Court's action in failing to give deference to the trial judge who took testimony on this application and who had the duty to weigh and did weigh the credibility of the testimony.

BAIRD and OVERSTREET, JJ., join.