**Dale TIPPINS, Petitioner,**

v.

**Hans WALKER, Superintendent of Auburn Correctional Facility, Respondent.**

**No. 93 Civ. 934 (JFK).**

United States District Court, S.D. New York.

June 8, 1995.

Dale Tippins, Stormville, NY, pro se.

Kenneth Gribetz, Dist. Atty. of Rockland County, New York City, NY (Deborah Wolikow Loewenberg, Sr. Asst. Dist. Atty., of counsel), for respondent.

## OPINION AND ORDER

KEENAN, District Judge.

Petitioner Dale Tippins seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on the following assertions: (1) that the trial court improperly failed to rule that trial counsel's sleeping during a substantial portion of the trial constituted a *per se* violation of petitioner's Sixth Amendment right to effective assistance of counsel; and (2) that trial counsel's criminal conduct violated petitioner's Sixth Amendment right to effective assistance of counsel. This Court recognizes that unconscious or sleeping counsel is tantamount to no counsel at all and,

therefore, constitutes a *per se* violation of the Sixth Amendment. Accordingly, this Court grants petitioner's application for a writ of habeas corpus.

## BACKGROUND

On October 24, 1986, petitioner Dale Tippins was convicted in Rockland County Court, after a twelve-day jury trial, of criminal sale of a controlled substance in the first degree (*See* N.Y.Penal Law § 220.43(1)) and criminal possession of a controlled substance in the first degree (*See* N.Y.Penal Law § 220.21(1)). Petitioner was sentenced (Nelson, J.) to an indeterminate term of 18 years to life of imprisonment.

Subsequent to petitioner's conviction, trial counsel, Louis Tirelli, was convicted of two counts of falsifying business records in the first degree (*See* N.Y.Penal Law § 175.10), attempted grand larceny in the third degree (*See* N.Y.Penal Law § 110/155.35) and misconduct by attorneys (*See* N.Y.Judiciary Law § 487). These charges arose after the District Attorney learned that Tirelli, who the Court appointed to represent petitioner, illegally solicited and accepted five thousand dollars from petitioner.

Petitioner moved the trial court for a post-trial hearing, pursuant to New York Criminal Procedure Law § 440.10, for an order vacating the jury's guilty verdicts. On February 16, 1989, petitioner was granted that hearing in order to determine whether Tirelli's frequent sleeping during the trial denied petitioner the effective assistance of counsel. County Court Judge William Braatz presided over the hearing.

At the post-trial hearing, eight witnesses testified as to Tirelli's sleeping during the trial. *See* Record of Post–Trial Hearing at 271–72. These witnesses included both the trial judge and the prosecutor. The trial judge, William K. Nelson, testified that "Tirelli slept every day of the trial" during testimony. *Id.* at 182. Judge Nelson further testified that Tirelli slept during testimony that was "damaging" and "adverse to [petitioner's] interests." *Id.* at 186, 220. In response to one instance of Tirelli's sleeping during "testimony that was detrimental to Mr. Tippins' welfare," Judge Nelson brought all the attorneys out into the hall to admonish Tirelli for sleeping during testimony. *Id.* at 183–84, 201, 220. The Assistant District Attorney, John Edwards, testified that he too witnessed Tirelli "sleeping or [with] his eyes closed" during the testimony prompting Judge Nelson to call the attorneys into the hall. *Id.* at 231. Assistant District Attorney Edwards further testified that Judge Nelson called the attorneys into the hall on more than one occasion because of Tirelli's sleeping during testimony. *Id.* The Senior Court Reporter testified that she heard Tirelli snoring several times during trial. *Id.* at 52, 55. Additionally, juror Jeffrey Halpern testified that Tirelli slept through approximately sixty-five percent of the testimony offered by one of the prosecution's "critical witnesses." *Id.* at 64–65, 73–74.

On March 15, 1989, Judge Braatz denied petitioner's motion to vacate his conviction on the grounds that he was denied effective assistance of counsel. *See* Record of Post–Trial Hearing at 275. Judge Braatz found that the petitioner had "failed to show any trial errors which arose because of counsel's conduct." *Id.* at 273. In addition, Judge Braatz concluded that Judge Nelson "made sure" that Tirelli was awake while witnesses were "testifying as to what Judge Nelson thought was important testimony against Mr. Tippins." *Id.* at 273.

On July 10, 1989, the Appellate Division of the Supreme Court, Second Department, granted petitioner's application for a certificate granting leave to appeal, and also granted petitioner's motion to consolidate the trial court judgment and the post-trial hearing court order.

On May 6, 1991, the Appellate Division in a memorandum decision affirmed petitioner's conviction. *People v. Tippins,* 570 N.Y.S.2d 581, 582, 173 A.D.2d 512 (2d Dep't 1991). The Court rejected petitioner's argument that a trial counsel's sleeping during trial constitutes a *per se* violation of a defendant's constitutional right to effective counsel. *Tippins,* 570 N.Y.S.2d at 582. Rather than adopt a *per se* rule, the Court employed what it called "the traditional analysis invoked to resolve claims of ineffective assistance of

counsel—whether, viewed in totality, the defense counsel provided meaningful representation." *Tippins,* 570 N.Y.S.2d at 582; *see People v. Baldi,* 54 N.Y.2d 137, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981). Although the Court found Tirelli's sleeping during trial "reprehensible," it concluded that petitioner was provided meaningful representation:

> The effect of Tirelli's failure to participate in portions of the trial, during which he was perceived to be sleeping, was minimal. Careful scrutiny of the record of the trial, as well as the CPL 440.10 hearing, reveals that Tirelli effectively cross-examined the prosecution's witnesses, made appropriate objections and trial motions and delivered opening and closing statements which were entirely consistent with the defendant's entrapment defense ... Stated succinctly, the record in the instant case does not sustain a finding that Tirelli failed to afford the defendant meaningful representation.

*Tippins,* 570 N.Y.S.2d at 582–83.

The Appellate Division also rejected petitioner's assertion that Tirelli's criminal conduct constituted a *per se* violation of his Sixth Amendment right to effective counsel. *Tippins,* 570 N.Y.S.2d at 583. Noting that the five thousand dollars illegally solicited and accepted by Tirelli was intended as trial counsel fees, not payment for an anticipated appeal, *People v. Tirelli,* 156 A.D.2d 738, 739, 549 N.Y.S.2d 489, 490, the Court held that petitioner failed to show that a conflict of interests existed. *Tippins,* 570 N.Y.S.2d at 583. This Court makes no finding on the fee issue.

On September 23, 1991, the New York Court of Appeals denied petitioner's application for leave to appeal. *See People v. Tippins* (Wachtler, C.J.) (Petitioner's Exhibit D). The United States Supreme Court denied a Writ of Certiorari on January 21, 1992. *See Tippins v. New York,* 502 U.S. 1064, 112 S.Ct. 952, 117 L.Ed.2d 120 (1992).

### DISCUSSION

Petitioner now seeks a writ of habeas corpus on the following grounds: (1) that the trial court improperly failed to rule that trial counsel's sleeping during a substantial portion of the trial constituted a *per se* violation of petitioner's Sixth Amendment right to effective assistance of counsel; and (2) that trial counsel's criminal conduct violated petitioner's Sixth Amendment right to effective assistance of counsel.

■ A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). On the record presented, the Court finds that the petitioner presented all of the issues raised here to the state courts, and therefore has exhausted all available state remedies.

### 1. Sleeping Counsel as *Per Se* Violation of Sixth Amendment

#### A. *Legal Standards*

■ Actual or constructive denial of the assistance of counsel constitutes a *per se* violation of the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). In *United States v. DiTommaso,* 817 F.2d 201 (2d Cir.1987), the appellant asserted that his trial counsel slept during portions of the trial. *DiTommaso,* 817 F.2d at 216. While the Second Circuit found that the record did not support appellant's allegation, the Court adopted the Ninth Circuit rule that "sleeping counsel is tantamount to no counsel at all." *Id.* at 216 (citing *Javor v. United States,* 724 F.2d 831, 833–34 (9th Cir.1984)). *See United States v. Reyes,* 1991 WL 95395, at *4 (S.D.N.Y.1991) (recognizing that the Second Circuit has adopted *Javor* ). The Ninth Circuit found a *per se* violation of the right to effective assistance of counsel when trial counsel sleeps through a "substantial portion" of the trial. *Javor,* 724 F.2d at 834; *Reyes,* 1991 WL 95395, at *4.

In *Javor,* the Court relied on the findings of a United States Magistrate Judge to determine whether counsel had slept during a "substantial portion" of the trial. *Javor,* 724 F.2d at 834. The Magistrate Judge found:

> 'that petitioner's trial counsel was asleep or dozing, and not alert to proceedings,

94

during a substantial part of the trial ... that by reason thereof petitioner was not assisted by counsel at a substantial portion of the trial, including some occasions when evidence relevant to the prosecution case against defendant and very likely to his defense was being elicited and the participation of trial counsel (to observe witnesses, listen to testimony, consider the posing of objections, prepare cross-examination of witnesses, consider the preparation of rebuttal evidence, and prepare argument on such evidence) was proper....'

*Id.* at 832. Although the Magistrate Judge also found that " 'petitioner's attorney made appropriate motions and objections, gave vigorous and adequate argument ... presented a vigorous and effective examination and cross-examination of witnesses and presented as adequate a defense as the facts appear to have permitted,' " the Court held that, regardless of counsel's participation when present, i.e. awake, the partial absence of counsel, while asleep, prejudiced the defendant as a matter of law. *Id.* at 833–34.

B. *Analysis*

■ In the case at bar, the record indisputably indicates that Tirelli slept during petitioner's trial. Therefore, the only question for this Court is whether or not Tirelli slept during a "substantial portion" of the trial.

■ The testimony offered at the posttrial hearing indicates that Tirelli slept "every day of the trial," during testimony of at least one "critical" prosecution witness, and during testimony that was "damaging" to petitioner. Based on the record, this Court finds it impossible not to conclude that Tirelli slept during a "substantial portion" of the trial. Accordingly, as the Second Circuit has accepted *Javor*'s holding that sleeping counsel is tantamount to no counsel at all, this Court holds that Tirelli's sleeping constituted a *per se* violation of petitioner's Sixth Amendment right to effective assistance of counsel. The Court rejects the rule of law espoused by the Appellate Division and the County Court that petitioner must demonstrate that he was prejudiced by the fact of his counsel's slumber.

**2. Conflict of Interests as *Per Se* Violation of Sixth Amendment**

This Court has granted petitioner's request for habeas relief based on his first argument, and therefore need not address petitioner's second argument for relief.

## *CONCLUSION*

This Court finds that Tirelli's sleeping during a substantial portion of the trial constituted a *per se* violation of petitioner's Sixth Amendment right to effective assistance of counsel. Accordingly, this Court orders petitioner's conviction set aside and remands the case to the Rockland County Court for further proceedings in accordance with this opinion. Tippins is to be released from prison unless he is afforded a new trial to commence within 90 days of this date.

The Court orders this case closed and directs the Clerk of Court to remove it from the Court's active docket.

**SO ORDERED.**