110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Lopez CARRILLO, Defendant-Appellant.
 No. 96-16591.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.*
Decided March 25, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges, and EZRA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jaime Lopez Carrillo, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his 1986 conviction and sentence for possession with intent to distribute and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. We have jurisdiction under 28 U.S.C. §§ 2253 & 2255, and affirm.
 
 I.
 
 4
 Carrillo raised five claims before the district court: (1) he was wrongfully convicted of a conspiracy when allegations against the other conspirators were dropped; (2) the court wrongfully permitted the reading of the entire indictment to the jury when the other defendants had been dismissed; (3) he was denied the opportunity to confront the witnesses against him, to cross-examine the witnesses, and to have effective assistance of counsel because he was not provided with an interpreter at all times; (4) he was denied effective assistance of counsel; and (5) double jeopardy prohibits conviction and imposition of consecutive sentences for his charged crimes.
 
 
 5
 The district court denied claims 1, 2, 3, and 5 as procedurally defaulted under the cause and prejudice standard discussed in United States v. Frady, 456 U.S. 152, 168 (1982). We review de novo. United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." Johnson, 988 F.2d at 945 (citing Frady, 456 U.S. at 168); see also United States v. Dunham, 767 F.2d 1395, 1396 (9th Cir.1985) ("[s]ection 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal").
 
 
 6
 Claims 1, 2, 3, and 5 clearly could have been raised on direct appeal, yet were not. Carrillo argued to the district court that due to his imprisonment in the State of Washington, he was unable to communicate with his attorney in Flagstaff, Arizona. Carrillo's excuse is insufficient to demonstrate cause. See McCleskey v. Zant, 499 U.S. 467, 493 (1991) ("attorney error short of ineffective assistance of counsel ... does not constitute cause"); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (illiterate pro se petitioner who lost the aid of the fellow prisoner who helped prepare his post-conviction petition before the time for its appeal had not shown sufficient cause); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (petitioner diagnosed as "borderline mental defective" who relied upon "incompetent jailhouse lawyers" did not demonstrate cause). Accordingly, the district court did not err in denying those claims as procedurally defaulted.[1] See Johnson, 988 F.2d at 945.
 
 II.
 
 7
 The district court addressed Carrillo's ineffective assistance of counsel claim as it pertained both to his counsel's alleged drug use and to the failure to secure an interpreter for the entire trial, and denied the claim because Carrillo failed to demonstrate that his attorney's performance fell below the acceptable range of professional competence and because Carrillo failed to demonstrate actual prejudice. We review de novo Carrillo's claim of ineffective assistance of counsel. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994); United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994).
 
 
 8
 Strickland v. Washington, 466 U.S. 668, 687 (1984), sets forth the two-part standard for evaluating claims of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). If a defendant fails to meet either part of the test, the claim of ineffective assistance must be denied. Strickland, 466 U.S. at 700. The defendant must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Id. at 687. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 688. In order to satisfy the second element, the defendant must affirmatively prove prejudice by showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 693. Finally, there remains a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.
 
 
 9
 This court has ruled that the Strickland test remains applicable in situations where the petitioner contends that his attorney was ineffective due to drug use. Bonin v. Calderon, 59 F.3d 815, 838 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718 (1996). In Bonin, this court stated
 
 
 10
 Because we use an objective standard to evaluate counsel's competence, once an attorney's conduct is shown to be objectively reasonable, it becomes unnecessary to inquire into the source of the attorney's alleged shortcomings. Because we conclude, as the district court did, that Charvet's performance did not fall below the standard of objective reasonableness, it is irrelevant whether Charvet used drugs.
 
 
 11
 Id. (internal citations omitted). Therefore, Carrillo's reliance upon Javor v. United States is misplaced. See Javor, 724 F.2d 831 (9th Cir.1984) (where attorney slept through a substantial portion of the trial, such conduct was inherently prejudicial). Because Petitioner points to no specific act or omission but instead makes conclusory allegations,[2] the court finds that Petitioner's claim for ineffective assistance of counsel based on his counsel's alleged drug use is defective. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1134 (9th Cir.1990) ("cursory allegations that are purely speculative cannot support a claim of lack of competence of counsel.").
 
 
 12
 The Strickland test also applies to an ineffective assistance of counsel claim based upon failure to request an interpreter. Gonzalez v. United States, 33 F.3d 1047, 1051 (9th Cir.1994). While Carrillo argues that the district court erred by stating that an interpreter was present at trial from the second day forward, Carrillo does not produce any evidence which would demonstrate that the district court was wrong. The record below further demonstrates that Carrillo's counsel spoke some Spanish and that Carrillo spoke some English so that they were able to communicate effectively. Carrillo's counsel discussed the presence of an interpreter with the court before trial and the trial court ruled that whenever Carrillo did not understand something or would need the assistance of an interpreter, the court would then get an interpreter to come in. On the second day of trial, though apparently not at Carrillo's request, an interpreter was present and the record indicates that an interpreter remained present from that point on.
 
 
 13
 In light of the above circumstances, Carrillo has not demonstrated that his counsel performed outside the range of professionally competent assistance because he has demonstrated neither that there was a need for an interpreter earlier or that his counsel should have been aware of that need. See Gonzalez, 33 F.3d at 1051 (counsel's failure to request interpreter reasonable where record illustrated counsel, with assistance of defendant's wife, had conveyed the essence of the charges and the plea agreement). Moreover, Petitioner has failed to affirmatively show prejudice as he has not indicated at which point during the trial an interpreter was absent or how specifically that absence harmed his case. Strickland, 466 U.S. at 693.
 
 III.
 
 14
 The decision of the district court to deny an evidentiary hearing under § 2255 is reviewed for an abuse of discretion. United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996); Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). Section 2255 requires that the district court grant a petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." McMullen, 98 F.3d at 1158; see 28 U.S.C. § 2255. The district court may deny a hearing if the petitioner's allegations, when viewed against the record, fail to state a claim for relief or are so patently frivolous as to warrant summary dismissal. Id. at 1159; Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). Therefore, to warrant a hearing, Petitioner must allege specific facts which, if true, would entitle him to relief. McMullen, 98 F.3d at 1159. Mere conclusory statements in a § 2255 motion are not enough to require a hearing. Johnson, 988 F.2d at 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981)).
 
 
 15
 Petitioner contends that because of the unclear procedural posture, specifically that the matter was referred to a magistrate, that a report and recommendation was filed by a second magistrate after which time reference was withdrawn by the district court, and that the district court purportedly adopted the report and recommendation after the withdrawal, the case should be remanded to the trial court for a hearing or for proper reference to an authorized magistrate. However, because Carrillo has made no specific allegations of cause to excuse his failure to raise claims 1, 2, 3 and 5 on direct appeal and because Carrillo has made no specific allegations of prejudice regarding his ineffective assistance of counsel claim, the court finds that the district court did not abuse its discretion by failing to grant an evidentiary hearing. McMullen, 98 F.3d at 1158.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court further finds that Carrillo has presented no "extraordinary instances" that would implicate "a fundamental miscarriage of justice" so as to persuade this court that a writ of habeas corpus is properly issued despite Carrillo's failure to demonstrate cause. McCleskey, 499 U.S. at 494 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986))
 
 
 [2]
 Petitioner alleges that "counsel for the defense was seriously ill and had to be committed to a drug rehabilitation program in the midst of trial;" "the actions of ... counsel were so bizarre that they drew comment and notice from the trial court and counsel for the prosecution; "counsel failed to object to several matters presented to the jury ... which were prejudicial to [Petitioner];" and that Petitioner learned after trial of a plea offered by the Government. However, Petitioner cites to no portion of the record which would support these allegations