**Adam Samuel CHARLES, Petitioner—Appellant,**

v.

**George BALDWIN, Respondent—Appellee.**

No. 01–35916.

D.C. No. CV–97–00380–MA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Oct. 22, 2002.

---

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

NOT FOR PUBLICATION[1]

MEMORANDUM

The district court did not err by denying Charles' petition for habeas relief filed pursuant to 28 U.S.C. § 2254.

Charles claims ineffective assistance of counsel in two principal areas, failure to challenge the dangerous offender sentencing proceedings and the expert testimony therein, and failure to adequately advise him prior to his waiver of a jury trial.

After conducting an independent review of the record, the district court found as fact that Charles' counsel argued against conducting a dangerous offender inquiry. When the trial court nonetheless proceeded, counsel had no reason to believe the court-appointed psychiatrist was biased or otherwise unqualified to assess Charles. The psychiatrist's ultimate conclusion that Charles met the definition of a dangerous offender was consistent with prior findings. At sentencing counsel continued to argue against imposing the dangerous offender sentencing enhancement. These findings of fact are not clearly erroneous. Charles fails to show that the court's appli-

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cation of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Although we may question counsel's decisions not to request a second psychiatric opinion and to waive the presentence hearing, given the district court's findings of fact, we cannot say that those decisions were objectively unreasonable. *United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002).

Even assuming counsel was deficient, Charles fails to present any evidence that, but for counsel's conduct, the result of the trial would have been different. Charles does not present actual evidence he was prejudiced by trial counsel's actions. Instead he argues prejudice should be presumed under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). He claims prejudice is presumed because counsel's errors stemmed from his personal reaction to the facts and an unfounded assumption that the dangerous offender label applied, thus leaving Charles without an advocate. The *Cronic* presumption of prejudice, however, is reserved for far more egregious situations in which the defendant is actually or constructively denied the assistance of counsel. *U.S. v. Swanson,* 943 F.2d 1070, 1075 (9th Cir.1991) (counsel conceded defendant's guilt); see also *Javor v. U.S.,* 724 F.2d 831 (9th Cir.1984) (counsel slept through trial). Charles' counsel's performance plainly does not rise to this level and Charles is not entitled to a presumption of prejudice.

■ Charles also fails to establish he was inadequately advised of his right to a jury trial. The district court properly held Charles fails to present clear and convincing evidence to rebut the post-conviction

court's findings of fact that (1) trial counsel explained to Charles the advantages of waiving a jury trial in his case, (2) Charles agreed with counsel's assessment that the case would be better tried to a judge, and (3) before accepting Charles' waiver of a jury trial, the court determined his waiver was being made voluntarily with full advice of counsel.

The district court did not err by denying Charles leave to file a Third Amended Petition to raise a claim based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The rule announced in *Apprendi* does not apply retroactively to cases on collateral review. *Sanchez–Cervantes,* 282 F.3d at 667–71.

■ The district court did not err by denying Charles an evidentiary hearing to develop his claim of "actual innocence" under *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Even if we were to find, as the district court did not, that Charles' testimony regarding his alcohol consumption was truthful and accurate, Dr. Brady's report is not sufficiently reliable to support a *Schlup* claim, as it based its conclusions about Charles' blood alcohol level solely on trial testimony, rather than on a blood alcohol test or some other form of scientific evidence. The evidence simply fails to show that it is more likely than not that no reasonable juror would have found Charles guilty beyond a reasonable doubt. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir.2002). We need not determine whether 28 U.S.C. § 2254(e)(2) supersedes the *Schlup* actual innocence gateway. Having failed to satisfy the requirements of *Schlup,* Charles necessarily fails to satisfy the more stringent requirements of 28 U.S.C. § 2254(e)(2).

■ The district court did not err in excluding from consideration a psychiatric report offered by Charles in support of his

habeas petition. Charles does not challenge the district court's determination that he failed to exercise due diligence to present the report to the state post-conviction relief court, a requirement of 28 U.S.C. § 2254. His suggestion that the court erred in excluding the report because it demonstrates prejudice fails to address the standard of review required by 28 U.S.C. § 2254.

Finally, the district court did not err by denying Charles a subpoena for trial counsel's file or leave to conduct a deposition. Charles does not challenge the district court's finding that he failed to exercise due diligence to attempt to acquire or present the files to the state post-conviction court proceedings. The district court properly noted it is without jurisdiction to enforce counsel's ethical obligation to turn over the files under the Oregon State Bar's ethical codes.

AFFIRMED