UNITED STATES of America,
Plaintiff—Appellee,

v.

Randall E. MOORE, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Carl R. Hanley, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

William B. Scott, Defendant—
Appellant.

Nos. 02–15532, 02–15534, 02–15550.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Feb. 11, 2004.

---

* With respect to the appeals of Hanley and Moore, this panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael S. McGarry, Washington, DC, for Plaintiff–Appellee.

Carl R. Hanley, pro se, Randall E. Moore, pro se, North Las Vegas, NV, Christopher R. Oram, Las Vegas, NV, John C. Kiehlmeier, Law Offices of John C. Kiehlmeier, Santa Ana, CA, for Defendant–Appellant.

Before LEAVY, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Randall E. Moore, William B. Scott, and Carl R. Hanley appeal the district court's denial of their motions, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct their sentences. Appellants argue that their counsel on direct appeal provided ineffective assistance by failing to argue, based on a recent Ninth Circuit opinion, that the sentencing court should have applied a clear and convincing evidence standard in assessing their sentencing enhancements, not a preponderance of the evidence standard. Appellant Scott additionally argues that the district court in his habeas proceeding erred by not holding an evidentiary hearing or otherwise expanding the record to determine if his trial counsel was ineffective because he slept during the trial. We review the denial of appellants' § 2255 motion de novo. *Doganiere v. United States*, 914 F.2d 165, 167 (9th Cir.1990).

## I

■ To prevail on a claim of ineffective assistance of counsel, appellants must show (1) that their counsel's performance was deficient, and (2) that this deficient performance prejudiced their defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if we assume that appellate counsel's failure to mention *United States v. Hopper*, 177 F.3d 824, 832 (9th Cir.1999), constituted deficient performance, appellants' sentencing argument cannot meet the second prong of *Strickland.*

In each case, the district court stated in deciding the § 2255 motion that he would have decided the sentencing enhancement issue the same way applying the higher standard of proof. Appellants have not "affirmatively prove[d]" otherwise. *United States v. Fry*, 322 F.3d 1198, 1201 (9th Cir.2003) (citing *Strickland*, 466 U.S. at 693, 696). They point to nothing in the record demonstrating that the pertinent factual determinations were sufficiently close that it is reasonably likely that their sentences would have been different had the district court used the clear and convincing standard. Instead, appellants simply declare in their briefs the unsubstantiated conclusion that, "[h]ad the higher standard of proof been applied at sentencing, it is reasonably probabl[e] that the result would have been different," while providing no analysis whatever of the evidence before the sentencing judge to demonstrate why the standard of proof would have mattered. *Fry* is therefore dispositive. We affirm the district court's denial of appellants § 2255 motion with respect to appellants' ineffective assistance of appellate counsel claims.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II

Appellant Scott also argues the district court erred when it summarily dismissed his § 2255 motion as it pertains to the allegation that his counsel slept during the trial without first holding an evidentiary hearing. The district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir.1994).

The language of § 2255 creates a presumption that the district court will conduct an evidentiary hearing before deciding the merits of the motion, the court need not grant a hearing if the record conclusively shows that no relief is warranted:

> *Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,* the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added). *See also* Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts (2003) ("If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates."). When the judge deciding the § 2255 motion is the same judge who presided over the trial, he may supplement the record with his own recollections of and notes from the proceedings. *Blackledge v. Allison,* 431 U.S.

63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *see also* Rule 4(a), Rules Governing Section 2255 Proceedings for the United Stated District Courts (2003) ("The original [§ 2255] motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him. . . .").

In this case, the district court judge deciding the § 2255 motion was the same judge who presided over Scott's trial. When deciding the § 2255 motion, the district court looked at the record, supplemented the record with his own recollections of the trial, and held that Scott was not entitled to any relief.

Petitioner points to no evidence indicating that the sleeping caused his attorney to fail to take any action during the trial he would otherwise have taken. In other words, Scott has made no showing of prejudice.

Despite Scott's failure to demonstrate specific prejudice, he can prevail by showing that his attorney slept during substantial portions of the trial, a circumstance that is prejudicial *per se. Javor v. United States,* 724 F.2d 831, 833–34 (9th Cir.1984). Counsel for one of Scott's codefendants stated in a declaration that Scott's attorney slept during portions of the trial, but did not say whether those portions were substantial. The trial judge relied on his own observations for the conclusion that Scott's attorney did not sleep for a substantial portion of the trial, stating that he did not observe Scott sleeping although he looked at him frequently. The affidavit of Scott's own trial attorney suggests, however, that if trial counsel had slept through substantial portions of the trial, the district court judge may not have noticed. In his affidavit, Scott's trial counsel emphatically denied that he slept during the trial but stated that he "does have a habit of removing his glasses, wiping his eyes and keep-

ing his eyes closed for a lengthy time"—a practice that, if noticed by the judge, would surely appear to be sleeping. The fact that the judge did not notice this behavior, which according to Scott's attorney could have occurred over a "lengthy time," suggests that Scott's counsel could have slept for substantial portions of the trial without the judge having noticed.

■ This case is not, therefore, one in which "the judge's recollection of the events at issue ... enable him summarily to dismiss a § 2255 motion...." *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Because the record does not "conclusively show that the prisoner is entitled to no relief," the district court abused its discretion by not conducting a hearing sufficient to flush out the pertinent facts.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

LEAVY, *Circuit Judge*, concurring in part and dissenting in part.

Moore and his co-defendants Hanley and Scott were the principal owners and officers of a telemarketing company. All three, along with a fourth co-defendant Fry, were indicted for carrying out a fraudulent telemarketing scheme. Each defendant was represented by separate counsel. After a five-week trial, a jury returned guilty verdicts against all defendants on all counts. Hanley, Moore, and Scott were sentenced to 120 months. Fry was sentenced to 46 months. All appealed their convictions and sentences, which were affirmed by this court. *United States v. Hanley*, 190 F.3d 1017, 1034 (9th Cir.1999).

I concur in the holding that the district court did not err in denying Scott's § 2255 motion regarding the ineffective assistance of counsel claims pertaining to sentencing. I dissent from the holding that the district court abused its discretion in denying an evidentiary hearing on Scott's claim that his attorney, Mr. Wommer, slept through portions of the trial and thereby denied Scott effective assistance of counsel as guaranteed by the Sixth Amendment.

Scott filed two affidavits in support of his request for a hearing. The affidavits are from the trial attorneys for each co-defendant Moore and Hanley. If each and every word of these affidavits is true, Scott would not be entitled to relief under *Javor v. United States*, 724 F.2d 831, 833–34 (9th Cir.1984). Mr. Sgro (Hanley's attorney) states: "That Affiant had witnessed Mr. Wommer sleeping during portions of the trial." Ms. Fatowe (Moore's attorney) makes *no* mention in her affidavit of Mr. Wommer's sleeping during *any* portion of the trial. In their two affidavits, Mr. Sgro and Ms. Fatowe make several general statements regarding Mr. Wommer's apparent lack of interest, lack of trial preparation, and short cross-examinations. Mr. Sgro and Ms. Fatowe state that Mr. Wommer sat at their counsel table with a single sheet of paper, while they managed numerous boxes of exhibits. Neither attorney informs us how Scott was hurt by his counsel's performance. Moreover, neither attorney tells us that their *own* clients were hurt by Mr. Wommer's allegedly deficient performance.

Effectiveness of counsel is not measured by how many files counsel carries or the length of cross-examination. Scott, who was the company's treasurer in charge of financial matters, ended up being found guilty of the same conspiracy as that involving both Mr. Sgro's client and Ms. Fatowe's client. Scott received exactly the same sentence as that imposed upon his two co-defendant officers. If Mr. Wommer failed to live up to his obligations to Mr. Sgro and Ms. Fatowe as a member of the defense counsel "team," Mr. Sgro and

Ms. Fatowe should have made that claim on behalf of their own clients.

Absent any showing of prejudice, Scott is entitled to relief *only* if he can demonstrate that his attorney slept through a "substantial" portion of his trial. *Javor*, 724 F.2d at 833–34; *see also United States v. Petersen*, 777 F.2d 482, 484 (9th Cir. 1985). The strongest and best evidence that Scott proffers is *one* passive statement by Mr. Sgro that he "had witnessed Mr. Wommer sleeping during portions of the trial." There is no assertion anywhere in the record that Mr. Wommer slept during a *substantial* or *significant* portion of the trial. Mr. Sgro does not identify any portion or segment of the trial during which the alleged sleeping occurred, nor does he suggest that any event (such as witness testimony, an objection, or a motion) occurred during the time he "had witnessed" Mr. Wommer sleeping. If Scott is entitled to an evidentiary hearing on a lone assertion as weak as this one, then any defendant would be entitled to an evidentiary hearing regarding the sleeping of his counsel upon an equally weak assertion from an attorney, a co-defendant, or perhaps the defendant himself.

In deciding a § 2255 motion, the district court is required to give a claim "careful consideration and plenary processing, including full opportunity for presentation of relevant facts." *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir.1989) (citations omitted); 28 U.S.C. § 2255. A district court has the discretion to deny an evidentiary hearing and rely on the record, which may be supplemented by the judge's own notes and recollection of the trial, and also common sense. *Id.*

Here, the district judge presided over the five-week trial and the sentencing of the defendants. The trial judge concluded, based upon his own recollections that: "the alleged sleeping episodes could not have occurred during a substantial portion of the trial." In addition to the trial transcript showing substantial participation by Mr. Wommer and the district judge's recollections, the court considered the affidavits from Mr. Wommer denying that he slept during the trial, and the two affidavits from Mr. Sgro and Ms. Fatowe. The district court had sufficient information to exercise its discretion soundly in deciding to deny an evidentiary hearing. *Shah*, 878 F.2d at 1159–60.

I respectfully dissent from the majority's decision to remand for an evidentiary hearing on Scott's claim of ineffective assistance of counsel.